220 P.3d 1190 (2009)
231 Or. App. 644
In the Matter of the COMPENSATION OF Anthony D. CAYTON, Claimant.
Anthony D. Cayton, Petitioner,
v.
Safelite Glass Corporation, Respondent.
0605262; A136188.
Court of Appeals of Oregon.
Argued and Submitted June 24, 2009.
Decided November 4, 2009.
*1191 Ronald A. Fontana, Portland, argued the cause for petitioner. With him on the briefs was Fontana & Takaro, P.C.
Benjamin C. Debney argued the cause for respondent. On the brief was Sommer Tolleson.
Before HASELTON, Presiding Judge, and ARMSTRONG, Judge, and ROSENBLUM, Judge.
ROSENBLUM, J.
Claimant seeks review of an order of the Workers' Compensation Board (board) that denied his claim for penalties and attorney fees pursuant to ORS 656.262(11)(a)[1] *1192 and ORS 656.382(1).[2] According to claimant, employer unreasonably delayed payment of a lump sum award by failing to timely pay the award or to state its objection to the payment and refer the issue to the director of the Department of Consumer and Business Services (DCBS). Employer contends that the board was correct in determining that, because employer had not yet waived its right to appeal the lump sum award, it had not violated ORS 656.230(1) (2005).[3] Claimant argues that the board erred in its construction of ORS 656.230(1), thereby causing it to erroneously decline to enforce OAR XXX-XXX-XXXX (2006).[4] We agree with claimant, and reverse and remand for reconsideration of the board's denial of penalties and fees.
We take the following relevant facts from the record. Claimant has a compensable occupational disease that renders him partially disabled. He was initially awarded a permanent partial disability award of $82,828.98. Employer disagreed with the impairment findings that gave rise to the award, and sought administrative review. Ultimately, on July 20, 2006, the DCBS Appellate Review Unit issued an order on reconsideration, awarding claimant an additional $54,685.02  that is, a total award of $137,514.00. On July 25, 2006, pursuant to ORS 656.230(1), claimant transmitted to employer an application for a lump sum payment, requesting that he be paid the balance of his award. Specifically, claimant filled out and transmitted to employer DCBS Form 1174, a form created by DCBS for the purpose of facilitating a claimant's request for a lump sum payment. Form 1174 includes a waiver by the claimant of his or her right to appeal the adequacy of an award and instructs the employer's insurer that, if it objects to the payment of the award in a lump sum, it must state its reasons for objecting in the space provided and forward its response to the director of the DCBS within 14 days. Employer did not pay claimant or respond to the application within that time frame.
On August 22, claimant filed a request for a hearing in which he sought an order compelling the lump sum payment and assessing penalties and attorney fees against employer for its unreasonable resistance and delay. A hearing before an administrative law judge (ALJ) was scheduled for November 16.[5] *1193 Employer's insurer paid the lump sum award on August 30.
Claimant argued to the ALJ that employer had violated OAR XXX-XXX-XXXX (2006) and ORS 656.230(1) by failing to either pay the lump sum award or state its objection to doing so in a timely manner and urged the ALJ to impose penalties and fees against employer. Following the hearing, the ALJ concluded that employer had not unreasonably resisted payment of the lump sum award because employer had not yet waived its right to appeal the adequacy of the lump sum award when claimant requested the payment. The ALJ reasoned that the requirement in ORS 656.230(1) that "the award has become final by operation of law or waiver of the right to appeal its adequacy" requires waiver by both the claimant and the employer. He issued an order denying claimant's request for penalties and fees.
Claimant appealed the ALJ's decision, and the board affirmed. The relevant portion of the board's order is as follows:
"`[W]aiver' of the right to appeal the award rests not only with claimant, but also with the insurer.
"Claimant asserts that the term `adequacy' implies an intent by the legislature to limit the `right to appeal' to the worker. However, to interpret the statute as claimant suggests would require inserting language into the statute. Specifically, the statute would have to be read to provide `claimant's waiver of the right to appeal its adequacy.' * * *
"* * * * *
"Moreover, to do so would render ORS 656.268(6)(g) [allowing either party to appeal from an order on reconsideration] meaningless. * * *
"Here, claimant was awarded PPD [permanent partial disability] via Order on Reconsideration. * * *. Yet, when claimant filed his `lump sum' application, the insurer was still within its 30-day statutory right to appeal * * * pursuant to ORS 656.268(6)(g). Therefore, because the PPD award had not become final by operation of law, nor had the insurer waived its right to appeal the adequacy of the award, the conditions necessary for the application of ORS 656.230(1) had not occurred."
(Emphasis in original.) In ruling in employer's favor, the board acknowledged that the applicable administrative rule, OAR XXX-XXX-XXXX (2006), required only that the worker  not the employer  waive his or her right to appeal the adequacy of the award before a request could be made for lump sum payment pursuant to ORS 656.230(1). However, the board "decline[d] to interpret OAR XXX-XXX-XXXX(1) [(2006) ] in a manner that would be inconsistent with the statutory scheme [of ORS 656.230(1) and ORS 656.268(6)(g) ]."
On judicial review, claimant argues that the board erred in concluding that ORS 656.230(1) requires both parties to waive their rights to appeal, that OAR XXX-XXX-XXXX (2006) impermissibly altered ORS 656.230(1), and that OAR XXX-XXX-XXXX (2006) conflicted with employer's right to appeal pursuant to ORS 656.268(6)(g). Employer argues that the board's construction of ORS 656.230(1) and its conclusion that OAR XXX-XXX-XXXX (2006) conflicted with the statutory scheme were both correct. For the reasons expressed below, we conclude that the board's construction of ORS 656.230(1) was erroneous and that the "waiver of the right to appeal its adequacy" language in the statute requires waiver only by the claimant. We also conclude that OAR XXX-XXX-XXXX (2006) is a proper implementation of ORS 656.230(1) and does not impermissibly alter the terms of that statute. Finally, we conclude that the provision in OAR XXX-XXX-XXXX (2006) that allows a claimant to request a lump sum payment before the employer has waived its right to appeal does not conflict with the statutory provision in ORS 656.268(6)(g) that allows either party to appeal an order on reconsideration.
The question presented by claimant's petition  whether the statutory reference to appealing the "adequacy" of a lump sum award applies to both the claimant and the employer or only to the claimant  requires us to interpret ORS 656.230(1). To construe ORS 656.230(1), we first examine the text of the statute in context. See State v. Gaines, 346 Or. 160, 171, 206 P.3d 1042 (2009). "After examining the text and context, even if we do not perceive an ambiguity in the statute's text, we will consult *1194 legislative history that has been proffered by a party where that legislative history appears useful to our analysis." State v. Blair, 230 Or.App. 36, 47, 214 P.3d 47 (2009).
In this case, the text and context of the statute are dispositive.[6] The relevant portion of ORS 656.230(1) provides that a claimant may request payment of a lump sum award when the right to appeal the "adequacy" of the award has been waived. The dictionary defines adequacy as "the quality or state of being adequate." Webster's Third New Int'l Dictionary 25 (unabridged ed. 2002). "Adequate," in turn, is defined in part as "proportionate to, or fully sufficient for a specified or implied requirement; often: narrowly or barely sufficient: no more than satisfactory[.]" Id. (italics in original). In the context of a workers' compensation award for a permanent partial disability, to argue that a monetary award is inadequate or insufficient is to argue that the award is not large enough. For that reason, the phrase "waiver of the right to appeal its adequacy" logically applies only to the claimant in a workers' compensation case, where only the claimant receives an award and only the claimant would dispute the amount of the award by challenging its adequacy. Because we conclude that only a claimant can appeal an award's adequacy, only a claimant can waive his or her right to do so.
As a general rule, we assume that the legislature did not intend any portion of a statute to be meaningless surplusage. See Friends of Yamhill County v. Yamhill County, 229 Or.App. 188, 193, 211 P.3d 297 (2009). The board's construction of ORS 656.230(1) impermissibly rewrites the statute by failing to give effect to the words "its adequacy." ORS 174.010 provides that, in construing a statute, we may not "insert what has been omitted" or "omit what has been inserted." If the legislature had intended to require that an employer waive its right to appeal the award before a claimant could request a lump sum payment, it could easily have written the statute to require a "waiver of the right to appeal [the award]" instead of a "waiver of the right to appeal [the award's] adequacy[.]" We conclude that the legislature used the term "adequacy" to indicate its intent to allow a claimant to request a lump sum payment after the award has become final by operation of law or by the claimant's waiver of his or her right to seek an increase in the amount awarded. The board thus erred in its construction of ORS 656.230(1).
It follows from our conclusion concerning the proper construction of ORS 656.230(1) that the board erred in declining to enforce OAR XXX-XXX-XXXX (2006). See, e. g., Meltebeke v. Bureau of Labor and Industries, 322 Or. 132, 157, 903 P.2d 351 (1995) ("[R]ules have the effect of statutory law." (Citing Bronson v. Moonen, 270 Or. 469, 476, 528 P.2d 82 (1974).)). Because ORS 656.230(1) requires only a claimant's waiver of the right to appeal, OAR XXX-XXX-XXXX (2006) did not impermissibly alter the terms of ORS 656.230(1) by explicitly providing that a claimant may request a lump sum payment after waiving his or her right to challenge the adequacy of the award. Moreover, the language in ORS 656.230(1) and OAR XXX-XXX-XXXX (2006) that requires an employer to pay a lump sum award or state its reason for objecting to the payment of a lump sum award does not conflict with an employer's right to appeal an order on reconsideration under ORS 656.268(6)(g). Employer could have informed the director that it objected to the payment of the lump sum award because it intended to appeal the award or was still considering whether to appeal. Instead, employer chose not to respond to claimant's request for a lump sum payment. We agree with claimant that requiring employer to state its reasons for objecting to the payment in the space provided for doing so on Form 1174 and transmit it to the director does not burden employer's right to appeal.
Accordingly, the board erred in concluding that OAR XXX-XXX-XXXX (2006) conflicted with ORS 656.268(6)(g). It similarly erred in concluding that the rule impermissibly altered ORS 656.230(1). We therefore conclude *1195 that the board erred in declining to enforce OAR XXX-XXX-XXXX (2006).
In sum, the board erred in its construction of ORS 656.230(1), in its conclusion that OAR XXX-XXX-XXXX (2006) impermissibly altered ORS 656.230(1), and in its conclusion that OAR XXX-XXX-XXXX could not be applied in a manner that would not conflict with employer's statutory right to appeal the order on reconsideration. We remand for the board to reconsider its denial of claimant's claim for penalties and attorney fees.
Reversed and remanded.
NOTES
[1] ORS 656.262(11)(a) provides, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section."
[2] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of an Administrative Law Judge, board or court, or otherwise unreasonably resists the payment of compensation, except as provided in ORS 656.385, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee * * *."
[3] ORS 656.230(1) (2005) was amended by Oregon Laws 2007, chapter 270, section 1. Our references to ORS 656.230(1) are to the 2005 version of the statute, which provided, in part:

"(1) Where a worker has been awarded compensation for permanent partial disability, and the award has become final by operation of law or waiver of the right to appeal its adequacy, the insurer shall upon the worker's application pay all or any part of the remaining unpaid award to the worker in a lump sum, unless the insurer disagrees with payment, in which case the insurer, within 14 days, will refer the matter to the Director of the Department of Consumer and Business Services to determine whether all or part of the lump sum should be paid."
[4] OAR XXX-XXX-XXXX (2006) provided, in part:

"(1) Under ORS 656.230, * * * the insurer or director may approve an application of the worker for lump sum payment when the order has become final by operation of law or the worker has waived their right to appeal the adequacy of the award. The lump sum application shall be in the form and format [Form 1174] provided by the director.
"* * * * *
"(4) If the insurer agrees with the worker's request for lump sum payment of a permanent partial disability award * * *, they must make the lump sum payment within 14 days of receipt of the signed application.
"(5) If the insurer disagrees with the worker's request for lump sum payment of a permanent partial disability award * * *, the insurer must submit the lump sum application with the reason for disagreement to the director within 14 days of receipt of the signed application."
[5] Claimant also requested that the director of the DCBS reprimand employer for its failure to comply with OAR XXX-XXX-XXXX (2006), which was promulgated by the DCBS to provide procedural rules for the processing of a claimant's request for a lump sum payment under ORS 656.230(1). The director determined that employer had violated OAR XXX-XXX-XXXX(5) (2006) by failing to submit its reason for objecting to the lump sum payment within 14 days of receipt of claimant's application. Employer did not seek reconsideration of the director's order. However, claimant failed to argue to the ALJ or to the board that the director's determination that OAR XXX-XXX-XXXX (2006) was violated should be given preclusive effect in this proceeding.
[6] The legislative history proffered by the parties does not provide support to either parties' view of the meaning of the phrase "waiver of the right to appeal its adequacy" in ORS 656.230(1). Thus, it is not "useful to our analysis."