Argued and submitted July 9, 2012, remanded for an award of $8,236.25 in appellate attorney fees for services on judicial review and for reconsideration of penalty-related attorney fees under ORS 656.262(11); otherwise affirmed June 19, 2013

In the Matter of the Compensation of
Anthony D. Cayton, Claimant.

Anthony D. CAYTON,
*Petitioner,*

*v.*

SAFELITE GLASS CORPORATION,
*Respondent.*

Workers' Compensation Board
0605262; A148774

306 P3d 726

Ronald A. Fontana argued the cause and filed the brief for petitioner.

Sommer E. Tolleson waived appearance for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant filed this petition for judicial review from a Workers' Compensation Board (the board) order on remand that awarded claimant a penalty for employer's untimely payment of a lump sum award of permanent partial disability, but reduced claimant's requested insurer-paid attorney fees under ORS 656.262(11)(a)[1] from $8,325 to $1,500, and rejected claimant's request for additional attorney fees under ORS 656.382(1).[2] We conclude that, as previously ordered by this court in an unpublished order, claimant is entitled to an award of appellate attorney fees in the amount of $8,236.25 for having previously prevailed on judicial review. We further conclude that we are unable to review the reasonableness of the board's award of penalty-related attorney fees of $1,500 under ORS 656.262(11), because the board did not explain why it awarded less than $8,325, the amount that claimant requested. Finally, we affirm the board's ruling that claimant is not entitled to attorney fees under ORS 656.382(1) for services at the hearing and board levels.

Claimant suffered a compensable occupational disease. Employer issued a notice of closure awarding claimant 54 percent scheduled permanent partial disability (PPD) for each hand. Claimant requested reconsideration, and an order on reconsideration increased the award of PPD to 82 percent for each hand. On July 25, 2006, before the order had become final, claimant waived his right to appeal the order and sought a lump sum payment of the award pursuant

---

[1] ORS 656.262(11)(a) provides, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section."

[2] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of an Administrative Law Judge, board or court, or otherwise unreasonably resists the payment of compensation, except as provided in ORS 656.385, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fees * * *."

to ORS 656.230(1) (2005).[3] Claimant requested the lump sum payment by transmitting a form to employer as provided in OAR 436-060-0060 (2006).[4] Employer had 14 days to respond to claimant's request for lump sum payment. Employer did not respond by either paying the benefits or presenting the matter to the director within 14 days, as provided in ORS 656.230(1) and OAR 436-060-0060 (2006). Claimant filed a request for hearing on August 22, 2006, and employer paid the lump sum award in full eight days later.

Claimant continued to pursue the hearing and sought a determination that employer had unreasonably delayed payment of compensation and that, as a result, claimant was entitled to a penalty and attorney fees, pursuant to ORS 656.262(11)(a) and ORS 656.382(1). The ALJ and the board rejected claimant's contention, concluding that, because the order on reconsideration had not yet become final at the time of claimant's request for a lump sum payment, and because *employer* had not waived *its* right to appeal the award, ORS 656.230(1) and OAR 436-060-0060 (2006) did not require employer to respond within 14 days.

---

[3] ORS 656.230(1) was amended in 2007. Or Laws 2007, ch 270, § 1. Throughout this opinion, our references are to the 2005 version of the statute, which provided, in part:

"(1) Where a worker has been awarded compensation for permanent partial disability, and the award has become final by operation of law or waiver of the right to appeal its adequacy, the insurer shall upon the worker's application pay all or any part of the remaining unpaid award to the worker in a lump sum, unless the insurer disagrees with payment, in which case the insurer, within 14 days, will refer the matter to the Director of the Department of Consumer and Business Services to determine whether all or part of the lump sum should be paid."

[4] OAR 436-060-0060 (2006) provided, in part:

"(1) Under ORS 656.230, * * * the insurer or director may approve an application of the worker for lump sum payment when the order has become final by operation of law or the worker has waived their right to appeal the adequacy of the award. The lump sum application shall be in the form and format [Form 1174] provided by the director.

"* * * * *

"(4) If the insurer agrees with the worker's request for lump sum payment of a permanent partial disability award * * *, they must make the lump sum payment within 14 days of receipt of the signed application.

"(5) If the insurer disagrees with the worker's request for lump sum payment of a permanent partial disability award * * *, the insurer must submit the lump sum application with the reason for disagreement to the director within 14 days of receipt of the signed application."

In *Cayton v. Safelite Glass Corp.*, 231 Or App 644, 220 P3d 1190 (2009), we reversed the board. We rejected the board's and the employer's interpretation of ORS 656.230(1) and OAR 436-060-0060 (2006), and held that an employer's obligation to process a request for lump sum payment under ORS 656.230(1) is triggered either when the appeal period expires or when the *claimant* waives the right to appeal the order on reconsideration, and that an employer's obligation to process the lump sum payment request does not also depend on the employer's waiver of the right to appeal the order. We reasoned that the statute's reference to a waiver of the right to appeal the "adequacy" of the award logically applies to a claimant, because only a claimant would complain that an award is inadequate. *Id.* at 650-51. In view of our conclusion that ORS 656.230(1) and OAR 436-060-0060 (2006) were applicable and that, under those provisions, employer was required to respond to claimant's request within 14 days, we remanded the case to the board for reconsideration of claimant's request for the assessment of penalties and attorney fees.

Before this court, claimant sought attorney fees for having prevailed on judicial review. We held, by unpublished order, that claimant had prevailed on appeal. We made a conditional award of $8,236.25 in appellate attorney fees for services on review. We stated, further, that, if claimant finally prevailed on remand through a determination that employer acted unreasonably in resisting payment of compensation, "ORS 656.388 allows him to request attorney fees for services before every prior forum, as authorized by ORS 656.382." We conditioned the actual award of attorney fees for services on review on the ultimate outcome of the case on remand. ORAP 13.10(3).[5] We ordered:

"IT IS HEREBY ORDERED that claimant is awarded costs and disbursements in the amount of $448.33 and, contingent on the outcome of the remand, is entitled to an award of appellate attorney fees in the amount of $8,236.25."

---

[5] ORAP 13.10(3) provides:

"When a party prevails * * * on review and the case is remanded for further proceeding in which the party who ultimately will prevail remains to be determined, the prevailing party * * * on review may petition the appellate court for attorney fees * * *. If the appellate court determines an amount of attorney fees under this subsection, it may condition the actual award of attorney fees on the ultimate outcome of the case."

On remand, the board reconsidered whether employer's conduct gave rise to a penalty under ORS 656.262(11)(a). A claimant is entitled to a penalty under ORS 656.262(11)(a) "[i]f the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation." In addressing that question, the board cited the correct legal standard as set forth in our case law—that is, whether, when it failed to make the payment, employer had a legitimate doubt as to its liability. *See, e.g., Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988) (applying that standard to attorney fee awards under what is now ORS 656.262(11) and under ORS 656.382(1)).

The board rejected claimant's contention that employer had unreasonably *refused* to pay claimant's award in a lump sum. The board reasoned that, before this court's prior opinion in this case, *Cayton*, 231 Or App at 650 (holding that the provision in ORS 656.230(1) for a waiver of the right to appeal the adequacy of the award does not apply to employers), employer had a legitimate doubt as to its obligation to make the lump sum payment before the 30-day appeal period had expired under ORS 656.268(6)(g). Thus, the board concluded, employer's *refusal* to make the lump sum award within 14 days of claimant's request was not unreasonable.

The board concluded, however, that employer's failure, within 14 days of claimant's request, to either submit claimant's lump sum application to the director or to pay the lump sum was an unreasonable *delay* in the payment of compensation, ORS 656.262(11), reasoning that employer could have had no legitimate doubt that, if it disagreed with claimant's request, employer was required to refer claimant's request for lump sum payment to the director by August 8, 2006, within 14 days of claimant's request, as required by ORS 656.230(1). Employer never referred the matter to the director. Instead, employer waited until August 30, eight days after claimant filed the request for hearing, to pay the full amount of claimant's award. For employer's unreasonable conduct in failing to act, the board assessed a penalty under ORS 656.262(11) equal to 10 percent of the "amounts then due" at the time of the unreasonable conduct, claimant's unpaid award as of August 8, 2006.

ORS 656.262(11) provides that when an employer unreasonably refuses to pay or *delays* payment of compensation, the worker is entitled to a penalty "plus any attorney fees assessed under this section." In addition to the penalty, the board, on remand, concluded that claimant's attorney was entitled to a penalty-related attorney fee of $1,500, to be paid by employer. The board relied on OAR 438-015-0110(1) and (2), which required the board to consider the benefit to claimant, the result achieved, and the time devoted by claimant's attorney.

Claimant's attorney sought reconsideration of the board's order on remand, requesting additional attorney fees as had been ordered by this court, and additional attorney fees under ORS 656.382(1) and ORS 656.388(1), for services provided at the hearing level and before the board on review and on remand. As support, claimant submitted to the board this court's order awarding attorney fees on appeal contingent on the outcome of the case on remand, and specifically cited this court's statement that, if claimant finally prevailed on remand, ORS 656.388(1) "allows him the request attorney fees for services provided before every prior forum as authorized by ORS 656.382."

The board rejected claimant's contention that he was entitled to an award of attorney fees above $1,500. Emphasizing the phrase "as authorized by ORS 656.382," the board reasoned that this court's order only allowed claimant to *request* fees as authorized by that statute, but did not require an award of fees if the board determined that attorney fees were not authorized by the statute. The board further concluded that claimant is not entitled to attorney fees under ORS 656.382(1) for services in obtaining a penalty or attorney fees, and that the board lacked authority to award additional fees to claimant's attorney.

On judicial review, in his third and fourth assignments of error, claimant challenges the board's determination that employer did not unreasonably *refuse* to pay compensation, and asserts for that reason that there are really two bases for an award of attorney fees—a refusal and a delay—thereby justifying an additional attorney fees award. We reject that contention. It is undisputed that employer did

not timely make a lump sum payment of claimant's benefits, but there is no evidence on this record of a refusal to pay compensation. In fact, before making the lump sum payment as requested, employer had made a monthly installment payment of benefits. Claimant is not entitled to penalty-based attorney fees under ORS 656.262(11)(a) based on a *refusal* to pay compensation. We reject claimant's third and fourth assignments of error.

Claimant contends in his first assignment that because he finally prevailed, the board was required to award claimant appellate attorney fees, as well as attorney fees for services at every level of review pursuant to ORS 656.382(1) and ORS 656.388(1). Claimant asserts that the board has misinterpreted our order to only permit claimant to *request* fees under ORS 656.382(1), but not to require the board to actually award fees.

We agree with claimant that he is entitled to appellate attorney fees for services provided on review in our prior opinion in *Cayton*. As noted, we ordered an award of appellate attorney fees of $8,236.25, *contingent on claimant prevailing on remand*. The June 4, 2010, appellate judgment, which is part of this record, states: "Appellate attorney fees in the amount of $8,236.25 awarded contingent on the outcome on remand." In light of claimant having finally prevailed before the board on remand, this court's order requires an award to claimant of appellate attorney fees of $8,236.25 for services on review.

However, as our order expressly stated, it only related to attorney fees for services performed before this court. Although we stated in the order awarding attorney fees that claimant could *request* attorney fees for services performed at other levels, that statement did not require the board to award attorney fees for services at all other levels.

We further conclude that the board correctly held that no additional attorney fees are authorized. As noted, the board assessed a 10 percent penalty based on employer's delay in payment of claimant's benefits. In addition, employer was ordered to pay a penalty-related attorney fee of $1,500,

ORS 656.262(11), because employer delayed the payment of compensation. But, as we have concluded, there is no evidence in this record of a refusal to pay compensation. Employer never denied that it owed claimant benefits for permanent partial disability and never challenged claimant's right to compensation under the director's order on reconsideration. Employer's only failing was in not timely making a lump sum payment as requested by claimant or in not referring claimant's request for a lump sum payment to the director within the 14 days required by ORS 656.230(1). The board correctly characterized that failing as a "delay" in payment of compensation. We have held that a delay in payment of compensation can constitute a resistance to payment of compensation. *See Tri-Met, Inc. v. Wolfe*, 192 Or App 556, 86 P3d 111 (2004). However, we reject claimant's contention that because employer's conduct constituted both a "delay" of and "resistance" to payment of attorney fees, claimant was entitled to two separate awards of attorney fees—an award pursuant to ORS 656.262(11) and a separate award for the same conduct under ORS 656.382(1).

Furthermore, contrary to claimant's contention, claimant's ultimate success on remand in securing the assessment of a penalty and attorney fees under ORS 656.262(11) does not mandate an attorney fees award for services *at all levels* of review under ORS 656.382(1). "Compensation" includes "all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter." ORS 656.005(8). It is well settled that penalties and attorney fees are not "compensation," and that attorney fees are not awarded for prevailing on an issue of penalties and attorney fees. *Saxton v. SAIF*, 80 Or App 631, 633, 723 P2d 355, *rev den*, 302 Or 159 (1986); *Dotson v. Bohemia, Inc.*, 80 Or App 233, 236, 720 P2d 1345, *rev den*, 302 Or 35 (1986); *Bahler v. Mail-Well Envelope Co.*, 60 Or App 90, 93, 652 P2d 875 (1982). Accordingly, claimant's success in obtaining a penalty and attorney fees under ORS 656.262(11) for employer's delay in payment of compensation does not mandate an award of attorney fees under ORS 656.382(1).

Finally, citing the Supreme Court's opinion in *Schoch v. Leupold & Stevens*, 325 Or 112, 934 P2d 410 (1997), claimant challenges the board's reduction of his request for penalty-related attorney fees of $8,325 to $1,500. Claimant contends that the board failed to make findings in support of a reduction in the requested attorney fees. The board stated that it had considered the factors set forth in OAR 438-015-0010(4) and had given primary consideration to the results achieved and the time devoted to the case in setting the attorney fees at $1,500. We agree with claimant that the board's findings are inadequate to allow this court to review the reasonableness of the board's award. *Schoch*, 325 Or at 119-20 (when a claimant submits a specific statement of services or a specific objection to a fees award, the board must do more than simply describe the factors it has considered and then posit reasonable attorney fees).

Remanded for an award of $8,236.25 in appellate attorney fees for services on judicial review and for reconsideration of penalty-related attorney fees under ORS 656.262(11); otherwise affirmed.