Argued and submitted September 18, 2012, affirmed September 11, 2013

In the Matter of the Compensation of
Anthony D. Cayton, Claimant.

## Anthony D. CAYTON,
*Petitioner,*

*v.*

## SAFELITE GLASS CORPORATION,
*Respondent.*

Workers' Compensation Board
0600923; A148775

310 P3d 718

Ronald A. Fontana argued the cause for petitioner. With him on the brief was Ronald A. Fontana, P.C.

Sommer E. Tolleson waived appearance for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

HADLOCK, J.

## HADLOCK, J.

Claimant seeks judicial review of an order of the Workers' Compensation Board, challenging the board's conclusion that ORS 656.382(1) does not authorize attorney fees for services that his lawyer rendered in securing a penalty based on employer's refusal to close his workers' compensation claim.[1] We affirm.

In 2001, claimant filed a claim for a hand condition that resulted from his long-term use of vibrating tools. On numerous occasions between January 2005 and January 2006, claimant requested that employer close his claim. Following each request, employer either refused to close the claim or failed to respond. Claimant requested a hearing after each refusal or failure to respond. In December 2005, all of the hearing requests to that point were consolidated for a single hearing. Claimant sought a penalty under ORS 656.268(5)(d)[2] for each refusal or failure to respond and attorney fees under ORS 656.382(1).[3] The board ultimately determined that employer had unreasonably refused to close the claim, but it concluded that claimant was entitled only to a single penalty, reasoning that multiple penalties could not be assessed based on what it viewed as the same conduct—unreasonable refusal to close the claim. Accordingly, the board assessed a penalty of 25 percent of the compensation due at closure. It also concluded that employer's refusal to close the claim constituted unreasonable resistance to the payment of compensation, and it awarded claimant $6,000

---

[1] Claimant's claim has resulted in three separate cases, each involving two rounds of judicial review (so far). The first of those cases involved several of employer's multiple refusals to close the claim. The second case—this one—relates to employer's final refusal. The third case arose after the claim was closed and concerned employer's resistance to paying claimant's disability award as a lump sum.

[2] ORS 656.268(5)(d) provides that, if an insurer or self-insured employer has unreasonably refused to close a claim after a worker has requested closure, "a penalty shall be assessed against the insurer or self-insured employer and paid to the worker in an amount equal to 25 percent of all compensation determined to be then due the claimant."

[3] ORS 656.382(1) provides, "If an insurer or self-insured employer refuses to pay compensation due under an order of an Administrative Law Judge, board or court, or otherwise unreasonably resists the payment of compensation * * *, the employer or insurer shall pay to the attorney of the claimant a reasonable attorney fee * * *."

in attorney fees under ORS 656.382(1). Claimant sought judicial review, and this court held that the board could assess a separate penalty for each unreasonable refusal to close the claim. *Cayton v. Safelite Glass Corp.*, 232 Or App 454, 460, 222 P3d 1134 (2009) (*Cayton I*).[4]

In the meantime, employer did close the claim in March 2006. Claimant requested a hearing based on employer's refusal to timely respond to his January 2006 request for claim closure, and he sought an additional penalty and attorney-fee award. After the hearing, the administrative law judge (ALJ) ruled that employer's refusal was unreasonable. However, this court had not yet issued its opinion in *Cayton I*, and the ALJ adhered to the board's earlier ruling that multiple penalties could not be assessed for multiple refusals to close a claim. Accordingly, he concluded that no additional penalties or fees could be assessed under ORS 656.268(5)(d) and ORS 656.262(11)(a). The ALJ did, however, award claimant $800 in attorney fees under ORS 656.382(1), reasoning, as the board in *Cayton I* had, that employer's refusal to close the claim constituted an unreasonable resistance to the payment of compensation. The board affirmed the ALJ's order. Claimant sought judicial review, and we reversed and remanded, citing *Cayton I*. *Cayton v. Safelite Glass Corp.*, 233 Or App 470, 225 P3d 149 (2010).

On remand, the board concluded that employer's failure to timely respond to claimant's final request for claim closure was unreasonable, and it awarded another 25 percent penalty. The board reaffirmed the ALJ's attorney-fee award. Claimant requested additional attorney fees under ORS 656.382(1). The board denied that request on the ground that that statute does not authorize attorney fees for services rendered in securing the additional penalty.

Claimant seeks review, raising two assignments of error. First, claimant asserts that the board erred in concluding that it was not authorized by ORS 656.382(1) to

_____

[4] Although we refer to the cited opinion as *Cayton I* because it is the first of the *Cayton* opinions pertinent to the issues that we address in this opinion, there is at least one earlier opinion that also addresses claimant's worker's compensation claim: *Cayton v. Safelite Glass Corp.*, 231 Or App 644, 220 P3d 1190 (2009).

award attorney fees for counsel's services in procuring the penalty under ORS 656.268(5)(d). Second, claimant asserts that, when it affirmed the ALJ's $800 attorney-fee award for employer's failure to timely respond to the January 2006 request for claim closure, the board did not explain whether or how it may have concluded that that award was also an adequate attorney fee for counsel's services at the hearing that ultimately led to the assessment of the penalty.

Neither assignment of error requires extended discussion. ORS 656.382(1) provides that attorney fees shall be awarded "[i]f an insurer or self-insured employer refuses to pay *compensation* due under an order of an Administrative Law Judge, board or court, or otherwise unreasonably resists the payment of *compensation* * * *." (Emphases added.) As we recently reiterated in another case arising from claimant's claim, penalties are not "compensation" under the Workers' Compensation Law. *Cayton v. Safelite Glass Corp.*, 257 Or App 188, 195, 306 P3d 726 (2013); *see also* ORS 656.005(8) ("'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker or the worker's beneficiaries by an insurer or self-insured employer pursuant to this chapter."). Accordingly, claimant's first assignment of error fails because his success in securing the penalty in this case does not entitle him to attorney fees under ORS 656.382(1).

Claimant's second assignment of error—in which he complains that the board did not explain how the ALJ's $800 attorney-fee award was adequate in light of his lawyer's services at the hearing that led to assessment of the penalty under ORS 656.268(5)(d)—hinges on his assumption that ORS 656.382(1) authorizes attorney fees for such services. As explained above, the statute does not authorize attorney fees in that context. It follows that claimant's second assignment of error fails for essentially the same reason as the first.

Affirmed.