On respondent's petition for attorney fees and cost bill filed April 15, petitioners' objection to respondent's petition and request for findings under ORAP 13.10(7) filed April 29, and respondent's reply to objection to petition for attorney fees filed May 13, petition for award of attorney fees allowed in the amount of $3,334
August 26, 2015

In the Matter of the Compensation of
Emma R. Traner, Claimant.

SAIF CORPORATION
and State Operated Community Programs,
*Petitioners,*

*v.*

Emma R. TRANER,
*Respondent.*

Workers' Compensation Board
1104729; A152085

365 P3d 1078

Julene M. Quinn and Julene M. Quinn LLC for petition.

David L. Runner for response.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

DEVORE, J.

## DEVORE, J.

After prevailing on judicial review, this workers' compensation claimant petitions for an award of attorney fees of $16,800 under ORS 656.262(11) and ORS 656.382(2). SAIF contends that the appeal concerned only an award of attorney fees, not compensation, and, therefore, claimant cannot recover attorney fees. Alternatively, SAIF contends that any award should be limited by statute to a lesser amount. We conclude that this prevailing claimant may recover attorney fees on appeal independently under ORS 656.262(11), although she recovered or defended no award of compensation on judicial review as ORS 656.382(2) would have required. Because we also conclude that there are no "extraordinary circumstances," claimant's award of attorney fees will be limited to the applicable statutory limit of $3,334.

In the principal case, *SAIF v. Traner*, 270 Or App 67, 346 P3d 1248 (2015), we held that SAIF unreasonably delayed issuing a denial of claimant's arthralgia claim as a new or omitted condition and that the Workers' Compensation Board ("board") could award claimant an attorney fee even where claimant did not recover compensation or a penalty. The board had agreed with SAIF that claimant's arthralgia was only a symptom of the accepted shoulder injury and was not a new or omitted condition. The board, however, had ruled that SAIF's failure to have formally denied the claim within 60 days was a late and improper denial that justified an award to claimant for attorney fees. *See* ORS 656.262(7), (11). On judicial review, SAIF contended that it was not required to have given a formal denial when a claim only involved a symptom; that its failure to timely respond was not "unreasonable"; and that no attorney fees were recoverable when claimant had not been awarded a penalty. On each point, we disagreed. Although claimant did not recover compensation, SAIF's appeal was not just about the board's award of attorney fees. It was an appeal resulting in conclusions that a response to a claim was necessary and that the insurer's delay was unreasonable. Claimant vindicated her procedural right to a timely response to her claim.

For her efforts on judicial review, claimant petitioned for \$16,800 in attorney fees, relying principally on ORS 656.262(11), the penalty statute, and citing, incidentally, ORS 656.382(2), a more common basis for an award of attorney fees. Treating the latter statute as if it were the only applicable authorization for fees, SAIF objected that ORS 656.382 permits an attorney fee award only when a claimant wins or defends compensation, something that did not happen in this case. If past conventions held true, then SAIF's argument might seem sound, but, for the reasons that follow, claimant has the better argument.

By its own terms, ORS 656.262(11) is an independent authorization for an award of attorney fees. With emphasis on the terms that demonstrate this conclusion, the statute provides:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer *shall be liable for* an additional amount up to 25 percent of the amounts then due plus any attorney fees *assessed under this section*. The fees assessed by the director, an Administrative Law Judge, the board or the court *under this section* shall be proportionate to the benefit to the injured worker. The board shall adopt rules for establishing the amount of the attorney fee, giving primary consideration to the results achieved and to the time devoted to the case. An attorney fee awarded *pursuant to this subsection* may not exceed \$3,000 absent a showing of extraordinary circumstances. The maximum attorney fee *awarded under this paragraph* shall be adjusted annually on July 1 by the same percentage increase as made to the average weekly wage defined in ORS 656.211, if any."

ORS 656.262(11)(a) (emphases added). Subsection (11) plainly serves as authority for fees when it declares that an offending insurer or employer "shall be liable for * * * attorney fees," and, just as plainly, the subsection refers to itself as authority for fees. The provision repeatedly describes fees "assessed" or "awarded" under this "section," "subsection," or "paragraph." Because this statute makes no reference to any other statute, an award of attorney fees is not dependent upon satisfying any precondition of any other statute. The

only condition in ORS 656.262(11) is that the court, board, or administrative law judge must find that the insurer or employer unreasonably delayed payment, acceptance, or denial of a claim.

Attorney fees under this statute have not always been independently authorized. In earlier years, this provision cross-referenced another statute that required recovery or defense of compensation as a prerequisite to recovery of attorney fees. Prior to 1990, the statute provided:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due *plus any attorney fees which may be assessed under ORS 656.382.*"

ORS 656.262(10) (1989) (before renumbering as subsection (11) (emphasis added)). In this early version of the statute, attorney fees for a penalty were "assessed under ORS 656.382." That former reference to ORS 656.382 spelled trouble for a claimant whose petition for review before this court concerned only an award by the board of a penalty or attorney fees.

As it did in earlier years, ORS 656.382 requires "compensation" as a prerequisite to an award of attorney fees in those situations that the provision governs. In material part, it provides that:

> "(1)   If an insurer or self-insured employer *refuses to pay compensation* due under an order of an Administrative Law Judge, board or court, or otherwise *unreasonably resists the payment of compensation*, except as provided in ORS 656.385, the employer or insurer shall pay to the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees.

> "(2)   If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court

finds that the *compensation awarded to a claimant should not be disallowed or reduced,* or, through the assistance of an attorney, that *an order rescinding a notice of closure should not be reversed or the compensation awarded by a reconsideration order issued under ORS 656.268 should not be reduced or disallowed,* the employer or insurer shall be required to pay to the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal."

(Emphases added.) In a similar fashion, other statutes provide recovery of attorney fees in other situations when the claimant recovers compensation. ORS 656.385; ORS 656.386.

In *Saxton v. SAIF,* 80 Or App 631, 723 P2d 355, *rev den,* 302 Or 159 (1986), the claimant argued that his success in defending a referee's award of penalties and attorney fees on appeal to the board should entitle him to an award of attorney fees for defending the penalty and fees as a form of "compensation." We held, as we had before, "that the term 'compensation' in ORS 656.382(2) does not include attorney fees." *Id.* at 633 (citing *Dotson v. Bohemia, Inc.,* 80 Or App 233, 720 P2d 1345 (1986)). The claimant was not entitled to attorney fees under ORS 656.382 for defending only an award of penalties or attorney fees.

More recently, in *Cayton v. Safelite Glass Corp.,* 257 Or App 188, 195, 306 P3d 726 (2013), we held that a "claimant's success in obtaining a penalty and attorney fees under ORS 656.262(11) for [an] employer's delay in payment of compensation does not mandate an award of attorney fees *under ORS 656.382(1).*" (Emphasis added.) *Cayton* cited *Saxton. Id.* Insofar as fees were considered "under ORS 656.382(1)," where winning or defending compensation was a prerequisite, the conclusion was unremarkable. Although a tangle of other issues were presented in the case, the issue not presented was whether ORS 656.262(11) independently authorized an award of attorney fees on appeal.

That is the issue that claimant presents now. The answer returns our attention to statutory history. In 1990,

the legislature deleted the reference in ORS 656.262 to 656.382 as the basis for assessing attorney fees. For a time, the legislature eliminated the chance to add attorney fees in connection with a penalty. The legislature deleted the clause, "plus any attorney fees which may be assessed under ORS 656.382" and instead gave half the penalty to the claimant's attorney. Or Laws 1990, ch 2, § 15. In relevant part, the 1990 change substituted a split fee, providing that:

> "If the worker is represented by an attorney, the worker shall be paid one-half the additional amount [*i.e.*, the penalty] and the worker's attorney shall receive one-half the additional amount, in lieu of an attorney fee."

*Id.* (amending *former* ORS 656.262(10)(a)). Although the cross-reference to ORS 656.382 and its prerequisite "compensation" were thereafter gone, so, too, was the possibility of attorney fees in addition to a penalty.

In 2003, the statute changed again. The legislature dropped the split penalty and, instead, created an independent authorization of attorney fees in connection with the penalty in ORS 656.262(11). In relevant part, the amendment made these changes:

> "(11)(a)  If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section. The fees assessed by the director, an Administrative Law Judge, the board or the court under this section shall be proportionate to the benefit to the injured worker. The board shall adopt rules for establishing the amount of the attorney fee, giving primary consideration to the results achieved and to the time devoted to the case. An attorney fee awarded pursuant to this subsection may not exceed $2,000 absent a showing of extraordinary circumstances. *** The entire additional amount shall be paid to the worker if the worker is not represented by an attorney. If the worker is represented by an attorney, the worker shall be paid one-half the additional amount and the worker's attorney shall receive one-half the additional amount, in lieu of an attorney fee."

Or Laws 2003, ch 756, § 1 (underscoring and strikethrough in original). More recently, effective in 2010, the legislature increased the presumptive limitation on fees from $2,000 to $3,000 and added:

> "The maximum attorney fee awarded under this paragraph shall be adjusted annually on July 1 by the same percentage increase as made to the average weekly wage defined in ORS 656.211, if any."

Or Laws 2009, ch 526, § 1. The parties here agree that the "soft cap" was a figure of $3,334 at the time of this case.

SAIF's objection to claimant's fee request may reflect conventional habits of thought, but it no longer reflects the state of the law. To the extent that claimant incidentally cites ORS 656.382(2) for fees, SAIF *is* correct that the statute in its form at the time of this case provides no authority for fees on appeal in the absence of "compensation." To the extent that SAIF cites *Saxton* or *Cayton, claimant* is correct that those cases were limited to fees sought under ORS 656.382 and are not dispositive here. With amendments in 1990 and 2003, the legislature made ORS 656.262(11) an independent authorization for attorney fees when an employer or insurer unreasonably delays a response to a claim—even a correct denial of a claim.

In *SAIF v. Allen*, 320 Or 192, 881 P2d 773 (1994), the Supreme Court explained the importance of a prompt response by an insurer or employer to a claim. A delay not only delays everything, it avoids identification of the issues and impairs a claimant's procedural rights. *Id.* at 213-14. For that reason, even when this claimant ultimately wins no new compensation, she vindicates a procedural right in establishing that the insurer was required to have responded but responded unreasonably.[1]

On the merits, we decided that, although claimant could recover no penalty inasmuch as a penalty is an added proportion of compensation of which she had none, the board had authority to give a declaration of an unreasonable delay "plus attorney fees." *Traner*, 270 Or App at 74-75. Before

---

[1] Here claimant observes that, although the *de facto* denial was not overturned, the claim established that arthralgia was a symptom of a previously accepted condition—something that SAIF reportedly had not conceded before.

this court, claimant won or defended no compensation, but she defended the conclusion that the insurer should have responded but responded unreasonably. Under the terms of ORS 656.262(11)(a), the "court," as well as an ALJ or the board, is expressly authorized to require that the insurer compensate her for the expense of her attorney fees on appeal. Indeed, when the insurer's conduct was unreasonable, the insurer "shall be liable" for "attorney fees assessed under this section."

After legislative changes in 1990 and 2003, an award of attorney fees under ORS 656.262(11) is no longer constrained by the unrelated requirement of "compensation" under ORS 656.382. As the Supreme Court observed, with regard to another common source of attorney fees, ORS 656.386(1), these statutes "address distinct subjects." *Allen*, 320 Or at 219. The matter of an *unreasonable* delay is distinct from the more ordinary circumstances of winning or defending compensation where fees are provided in ORS 656.382 or ORS 656.386. After some years of trying one thing, then another, it makes sense that the legislature would have settled on an independent authorization for attorney fees in ORS 656.262(11).

Interestingly, legislative history reflects that an *independent* basis for attorney fees was not what the 2003 amendments started out to be, but an independent basis for fees is what the amendments turned out to be. The original version of 2003 Senate Bill 563 would have restored attorney fees under ORS 656.262(11) but done so by renewing the reference to attorney fees "assessed under ORS 656.382." After negotiations off-the-record between representatives of the Oregon Trial Lawyers Association and insurance interests, a set of amendments to the bill were prepared, reviewed in concept by a Management-Labor Advisory Committee, and recommended by the Workers' Compensation Division of the Department of Consumer and Business Services. Speaking generally but after seeing the "Dash Two" proposals, John Shilts, the division administrator explained that:

> "[The] effect of this bill would be to provide more incentive for attorneys to represent injured workers in medical and vocational disputes, as well as in some potential penalty situations where a worker's benefits have been

unreasonably delayed. This is likely to result in workers prevailing in more disputes because they get professional representation that some workers don't receive now. We do hear from workers regularly that it is difficult to find representation on these issues because the worker's attorney receives no fee for prevailing or, in one case, their fee comes out of the penalty awarded the worker."

Testimony, Senate Committee on Business and Labor, SB 563, Apr 9, 2003, Ex C (statement of John Shilts). The senate committee adopted the amendments. The "Dash Two" amendments deleted the historically limiting reference to "ORS 656.382" and inserted reference to attorney fees "assessed under *this section*." Minutes, Senate Committee on Business and Labor, Apr 23, 2003, 9 (emphasis added).

As it happened, the legislative changes in SB 563 were later adopted through another bill, Senate Bill (SB) 620 (2003). The staff measure summary for SB 620 explained, in part, that

"the measure provides for payment of attorney fees at two levels of representation that currently do not allow for the award of attorney's fees. First, the measure provides for attorney's fees when an insurer or self-insured employer *unreasonably delays* or unreasonably refuses to pay compensation, *or to* accept *or deny* a claim."

Staff Measure Summary, Senate Committee on Judiciary, SB 620, June 16, 2003 (emphasis added). The legislature passed SB 620. Or Laws 2003, ch 756, § 1.

In other words, these weeks of legislative history reflect in a microcosm what the years of statutory history demonstrate on a macro level. The legislature was aware that the bill would result in attorney fees in situations where fees were not previously recoverable. The legislature was concerned that workers were unable to find willing lawyers and that their lawyers could not be paid even when prevailing. Those concerns drove the change to make ORS 656.262(11) an independent basis for fees, untethered by a once-troubling link to ORS 656.382.

Our conclusion is, of course, based only upon the statutes as they existed at the time of this case. Because, as SAIF's objection demonstrates, our conclusion differs from

the assumption that might have been made after *Saxton* or *Cayton*, we observe that our conclusion will not prove to be out of step, in the future, on the question of attorney fees where only a penalty or fees are at issue. In 2015, the legislature revisited ORS 656.262 and ORS 656.382. As if to demonstrate that winning compensation under a statute like ORS 656.382 is not the only way in which to warrant attorney fees, the legislature amended ORS 656.262(14)(a) to provide attorney fees to a worker who is represented at an interview or deposition,[2] an occasion that will not necessarily result in a successful claim. The legislature amended ORS 656.262(11) to increase the "soft-cap" on fees from $3,000 to $4,000, plus annual adjustments.[3] And, the legislature amended ORS 656.382 in order to provide recovery of

---

[2] Section 2 of Oregon Laws, chapter 521 (HB 2764), added the following underscored language:

"(14)(a) Injured workers have the duty to cooperate and assist the insurer or self-insured employer in the investigation of claims for compensation. Injured workers shall submit to and shall fully cooperate with personal and telephonic interviews and other formal or informal information gathering techniques. Injured workers who are represented by an attorney shall have the right to have the attorney present during any personal or telephonic interview or deposition. If the injured worker is represented by an attorney, the insurer or self-insured employer shall pay the attorney a reasonable attorney fee based upon an hourly rate for actual time spent during the personal or telephonic interview or deposition. After consultation with the Board of Governors of the Oregon State Bar, the Workers' Compensation Board shall adopt rules for the establishment, assessment and enforcement of an hourly attorney fee rate specified in this subsection."

[3] Section 2 of Oregon Laws, chapter 521, also made these changes to ORS 656.262(11), adding the underscored language and deleting the strikethrough text:

"(11)(a) If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, attorney fees or costs, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section. The fees assessed by the director, an Administrative Law Judge, the board or the court under this section shall be proportionate to the benefit to the injured worker reasonable attorney fees. In assessing fees, the director, an Administrative Law Judge, the board or the court shall consider the proportionate benefit to the injured worker. The board shall adopt rules for establishing the amount of the attorney fee, giving primary consideration to the results achieved and to the time devoted to the case. An attorney fee awarded pursuant to this subsection may not exceed $3,000 $4,000 absent a showing of extraordinary circumstances. The maximum attorney fee awarded under this paragraph shall be adjusted annually on July 1 by the same percentage increase as made to the average weekly wage defined in ORS 656.211, if any."

attorney fees for cases arising under those situations when only penalties or fees are at issue on appeal.[4] That is to say, our decision in this case is not inconsistent with the legislative scheme for workers' compensation.

At the time of this case, ORS 656.262(11) permitted an award of attorney fees in excess of $3,000, plus annual adjustments, upon a finding of "extraordinary

---

[4] Section 5 of Oregon Laws, chapter 521, made these changes to ORS 656.382, adding the underscored language and deleting the strikethrough text:

"(1) If an insurer or self-insured employer refuses to pay compensation, costs or attorney fees due under an order of an Administrative Law Judge, the board or the court, or otherwise unreasonably resists the payment of compensation, costs or attorney fees, except as provided in ORS 656.385, the employer or insurer shall pay to the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees.

"(2) If a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court is initiated by an employer or insurer, and the Administrative Law Judge, board or court finds that all or part of the compensation awarded to a claimant should not be disallowed or reduced, or, through the assistance of an attorney, that an order rescinding a notice of closure should not be reversed or all or part of the compensation awarded by a reconsideration order issued under ORS 656.268 should not be reduced or disallowed, the employer or insurer shall be required to pay to the attorney of the claimant a reasonable attorney fee in an amount set by the Administrative Law Judge, board or the court for legal representation by an attorney for the claimant at and prior to the hearing, review on appeal or cross-appeal.

"(3) If an employer or insurer raises attorney fees, penalties or costs as a separate issue in a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court initiated by the employer or insurer under this section, and the Administrative Law Judge, board or court finds that the attorney fees, penalties or costs awarded to the claimant should not be disallowed or reduced, the Administrative Law Judge, board or court shall award reasonable additional attorney fees to the attorney for the claimant for efforts in defending the fee, penalty or costs.

"(4) If an employer or insurer initiates an appeal to the board or Court of Appeals and the matter is briefed, but the employer or insurer withdraws the appeal prior to a decision by the board or court, resulting in the claimant's prevailing in the matter, the claimant's attorney is entitled to a reasonable attorney fee for efforts in briefing the matter to the board or court.

"(3) (5) If upon reaching a decision on a request for hearing initiated by an employer it is found by the Administrative Law Judge that the employer initiated the hearing for the purpose of delay or other vexatious reason or without reasonable ground, the Administrative Law Judge may order the employer to pay to the claimant such penalty not exceeding $750 and not less than $100 as may be reasonable in the circumstances."

circumstances." Claimant seeks recovery of $16,800 for 48.9 hours in opposition to the insurer's petition for judicial review, which challenged its need to respond, whether its delay was unreasonable, and whether a fee could be awarded without a penalty. Although the novelty of the questions is demonstrated by the principal opinion and this opinion on fees, this matter was not extraordinary, all in all. Legal issues were routine, claimant was not deprived of receiving any compensation, and the insurer's disagreement was reasoned and in good faith. The presumptive limit on a fee award was a risk to claimant that was apparent at the outset, and it represents the same legislative policy expressed in the provision creating the right to fees.

Petition for award of attorney fees allowed in the amount of $3,334.