Argued and submitted January 13, reversed and remanded for reconsideration
November 17, 1993

In the Matter of the Compensation of
Steven L. Furnish, Claimant.

Steven L. FURNISH,
*Petitioner,*

*v.*

MONTAVILLA LUMBER COMPANY
and SAIF Corporation,
*Respondents.*

(91-04257; CA A74814)

863 P2d 524

Darrell E. Bewley argued the cause for petitioner. With him on the brief was Glen J. Lasken.

Steven Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of an order of the Workers' Compensation Board that upheld employer's denial of claimant's occupational disease claim for a low back condition. We review for errors of law and substantial evidence, ORS 656.298(6); ORS 183.482(7) and (8), and reverse.

Claimant was employed as a driver/salesman. His duties included operating a forklift and assembling, loading and delivering lumber. On March 13, 1991, claimant experienced back pain at work. The pain gradually increased, and claimant sought medical attention. Dr. Pape diagnosed lower back pain caused by repetitive lifting at work. A test showed that claimant had two disc bulges. Employer denied claimant's occupational disease claim and sent him to Dr. Woolpert. Woolpert diagnosed degenerative disc disease and concluded that work activity was not the major contributing cause of the onset of symptoms. Woolpert could not suggest an alternative cause of the pain. The referee concluded that Pape was more persuasive, found that "[c]laimant's work activities were the major cause of his disability and need for treatment" and reversed employer's denial. The Board concluded that Woolpert was more persuasive and reversed the referee.

Claimant argues that the Board's order is not adequate for review because the order fails to explain why the findings lead to the Board's conclusion. We agree.

■ The referee found that claimant's work activities "involved repetitive lifting and repetitive climbing onto and off a forklift," and that "[c]laimant's off-work activities do not involve the repetitive climbing and lifting required in his job." The referee concluded that Pape's opinion was more persuasive, because Woolpert did not consider repetitive lifting when he dismissed work activity as the cause of claimant's symptoms. The Board adopted all of the referee's findings, but concluded that Woolpert's opinion was more persuasive, because "Dr. Pape's opinion is based on his mistaken belief that claimant's work involved repetitive work activities." That statement is contrary to the referee's finding, which the

Board adopted, that claimant's work activity involved repetitive lifting and climbing. The Board made no additional findings to explain the inconsistency.

Employer acknowledges that the conclusions of the referee and Board are contradictory, but argues that we should affirm the Board because the record contains substantial evidence that supports the conclusion that claimant's work involved some lifting, but not repetitive lifting. That argument misperceives the defect in the Board's order.

We review the Board's order for, among other things, the existence and soundness of its rationale to determine whether it is supported by substantial reason. The requirement of a rational explanation is designed to facilitate "meaningful judicial scrutiny of the activities of an administrative agency * * *." *Home Plate, Inc. v. OLCC*, 20 Or App 188, 190, 530 P2d 862 (1975).

The contradiction between the Board's finding about the nature of claimant's work and the reason it gave for according lesser weight to Pape's opinion deprives the order of substantial reason. The Board order must

"clearly and precisely state what it found to be the facts and fully explain why those facts lead it to the decision it makes." *Home Plate, Inc. v. OLCC, supra*, 20 Or App at 190.

The order must state "a reasoned opinion based on explicit findings of fact." *Armstrong v. Asten-Hill Co.*, 90 Or App 200, 205, 752 P2d 312 (1988). We are not required to speculate about whether the factual contradiction in the order is intentional or an oversight, and whether the Board might be able to explain it away. Until the Board resolves the inconsistency in its findings and adequately explains why its findings lead it to its conclusion, we have no occasion to decide whether substantial evidence supports either version of the contradictory findings.

Claimant also argues that the Board improperly required him to prove an injury rather than an occupational disease, because it cited Woolpert's opinion that claimant had not suffered any "noticeable incident or trauma" at work. We do not address the contention because, on remand, the Board may adopt different findings or conclusions that resolve it.

Reversed and remanded for reconsideration.