Argued and submitted February 10, reversed and remanded December 9, 2015

In the Matter of the Compensation of
Juan M. Estrada, Claimant.
FEDERAL EXPRESS CORPORATION,
*Petitioner,*

*v.*

Juan M. ESTRADA,
*Respondent.*

Workers' Compensation Board
1106447; A153964

364 P3d 25

Jerald P. Keene argued the cause for petitioner. With him on the briefs was Oregon Workers' Compensation Institute, LLC.

Eric R. Miller argued the cause for respondent. On the brief were Robert S. Kinney and Alvey Law Group.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

HADLOCK, J.

## HADLOCK, J

Employer petitions for review of a Workers' Compensation Board order in which the board determined (1) that claimant established good cause under ORS 656.265(4) to report a workplace injury more than 90 days after the injury occurred and (2) that the claimant met his burden to prove that his injury was a material contributing cause of his disability and was, therefore, compensable. Employer assigns error only to the board's notice determination, arguing that the board's decision is not supported by substantial evidence and reason. We agree. We therefore reverse and remand to the board for reconsideration.

With one exception, noted below, both parties accept the board's historical findings of fact. Those unchallenged findings establish the facts for purposes of judicial review, and our description of the facts is drawn from those findings. *Meltebeke v. Bureau of Labor and Industries,* 322 Or 132, 134, 903 P2d 351 (1995).

As a delivery truck driver for employer, claimant regularly loaded and unloaded items from his truck; those items had varying weights of up to 150 pounds. On April 27, 2011, claimant felt a "weird pull" in his left testicle while he loaded heavy equipment onto the truck. Claimant later testified that, although he had not felt that pain before, he did not report the incident to employer because he attributed the pain to "soreness" from extra work and "did not realize he had sustained an injury."

Although claimant continued his regular work for employer from May through August 2011, he testified that the pain gradually got worse, making his job more difficult. Specifically, claimant felt the pain intermittently when he pushed or pulled heavy items. Nonetheless, claimant was able to complete his job duties, seeking no assistance or accommodations from employer.

By "the end of July, closer to August," claimant noticed that a scrotal bulge had developed.[1] He then became

---

[1] As discussed below, claimant's claim originally was heard by an ALJ, who issued an opinion and order upholding employer's denial. On appeal of the ALJ's order, the board adopted the ALJ's factual findings with one exception. The ALJ

concerned enough to seek medical treatment. October 2011 medical examinations of the bulge revealed the existence of an inguinal hernia that required surgery. At that point, claimant attributed his injury to the April 27, 2011, work incident, and he notified employer of the work injury. Employer denied claimant's worker's compensation claim on the ground that claimant had failed to file his claim within the period of time allowed by statute. Claimant then requested a hearing before an administrative law judge (ALJ).

At the hearing, the parties' arguments focused on ORS 656.265, which provides, in pertinent part:

> "(1) Notice of an accident resulting in an injury or death shall be given immediately by the worker or a dependent of the worker to the employer, but not later than 90 days after the accident. The employer shall acknowledge forthwith receipt of such notice.
>
> "* * * * *
>
> "(4) Failure to give notice as required by this section bars a claim under this chapter unless the notice is given within one year after the date of the accident and:
>
> "* * * * *
>
> "(c) The worker or beneficiaries of the worker establish that the worker had good cause for failure to give notice within 90 days after the accident."

Claimant acknowledged that he had not notified employer of the injury within 90 days, as ORS 656.256(1) ordinarily requires. He argued that his claim was nonetheless not time-barred because he gave employer notice within one year after the injury occurred and he had good cause for failing to give the notice within 90 days.

---

found that the swelling in claimant's groin became visible before the 90-day notification period expired on July 27, 2011. The board disagreed, ruling that the record did not support the ALJ's determination that the swelling appeared before the 90-day period ended. On review, employer challenges the board's finding on that point, arguing that the board erroneously shifted the burden from claimant to prove that he *had* good cause for not reporting the injury within 90 days, essentially requiring the employer to prove that claimant did *not* have good cause. We reject that challenge to the board's factual finding without extended discussion, noting only that we disagree with employer's assertion that the board shifted the burden of persuasion on the good-cause issue from claimant to employer.

The ALJ rejected claimant's argument and upheld employer's denial of the claim. The ALJ found that two of claimant's assertions—that he did not know that he was injured and that he could pinpoint the exact date and time of his injury—were irreconcilable. The ALJ also found significance in claimant's decision not to seek treatment until October 2011, despite his acknowledgement that his symptoms had worsened over time and made his work more difficult. The ALJ concluded that claimant was aware of his injury when it occurred on April 27, 2011, and did not have good cause for failing to give timely notice.

Claimant appealed to the board, which adopted all but one of the ALJ's factual findings, *see* 275 Or App at 401-02 n 1, and issued an order expressly based on the following summary of the pertinent facts:

> "Claimant felt a 'weird pull' in his left testicle area while loading a heavy item into a truck on April 27, 2011. He did not report the incident because he thought it was just soreness from extra work and he was not aware that he was injured. Moreover, he kept working and was able to complete his job duties. Finally, there was no indication that claimant either sought medical treatment, missed any time from work attributable to the incident, endured any weekend limitations, or received any assistance while performing his work duties during the approximately five months between the April 2011 work incident and his September 2011 medical treatment."

The board also deemed significant that "claimant noticed increase soreness and pain, 'just randomly,' when he did certain moves."

The board reversed the ALJ's decision. Referencing its orders in some previous cases, the board concluded that claimant had established good cause for not timely notifying employer of his injury. Specifically, the board determined that "claimant's lack of knowledge that he had incurred an injury provided him with good cause for his failure to provide the employer with notice of an accident within the applicable 90-day period." The board also ruled in claimant's favor on the merits of his claim. Accordingly, the board set aside employer's denial.

Employer petitioned for judicial review of the board's order. On review, employer asserts, among other things, that substantial evidence and reason do not support the board's determination that claimant proved that he had good cause for not notifying employer of his injury within 90 days. As we understand employer's argument, it does *not* challenge the implicit underlying premise for the board's order: that a claimant who does not know that he or she has been injured until more than 90 days have passed has good cause, under ORS 656.265(4)(c), for not reporting the injury within that 90-day period. Rather, employer challenges the board's determination that claimant did not, in fact, have such knowledge. Employer asserts that the determination is not supported by substantial reason because the board "accept[ed] and reli[ed] on claimant's assertion that he 'was not aware he was injured' while simultaneously accepting the ALJ's findings * * * that claimant knew 'something had happened on April 27, 2011' * * * that caused an immediate onset of symptoms not present before." In other words, employer asserts that, given the board's findings—that claimant could pinpoint the exact date and time when he suffered a "weird pull" in the area of his left testicle while working, that his symptoms progressed for three months, and that claimant associated those symptoms with the work incident—substantial reason does not support the board's determination that claimant lacked knowledge that he had suffered an injury.

In response, claimant asserts that the board's analysis "led it to correctly determine that [claimant] attempted to work through his injury." He contends that a decision to "work through an injury" constitutes good cause for not timely reporting it.

With those arguments in mind, we consider whether the board's order is supported by substantial evidence and reason, as ORS 183.482(8)(c) requires. *See Hamilton v. Pacific Skyline, Inc.*, 266 Or App 676, 680, 338 P3d 791 (2014) (the "substantial reason requirement inheres in our substantial evidence standard of review under ORS 183.482(8)(c)"). "In determining whether the board's order is supported by substantial reason, we consider whether

that order articulates the reasoning that leads from the facts found to the conclusions drawn." *Walker v. Providence Health System Oregon*, 254 Or App 676, 686, 298 P3d 38, *rev den*, 353 Or 714 (2013) (internal quotation marks omitted); *see also Campbell v. Employment Dept.*, 256 Or App 682, 683, 303 P3d 957 (2013) ("An order comports with substantial reason when it articulates a rational connection between the facts of the case and the legal conclusion.") (internal quotation marks omitted).

To determine whether the board's order sufficiently articulates the reasoning that leads from the factual findings to the legal conclusion, we must first identify what that reasoning is. Claimant and employer describe the board's reasoning differently. Employer contends that the board reasoned that "claimant's *lack of knowledge* that he had incurred a work-related injury provided him with good cause for his failure to provide the employer with timely notice of his injury." (Emphasis added.) Claimant, on the other hand, asserts that the board's analysis "led it to correctly determine that [claimant] attempted to *work through* his April 27, 2011 work incident because he initially did not believe it to be serious." (Emphasis added.)

In our view, employer has described the board's reasoning correctly. The board's order states that "claimant's lack of knowledge that he had incurred a work-related injury provided him with good cause for his failure to provide the employer with notice of an accident within the applicable 90-day period." Later in the order, the board reiterated that "claimant's lack of knowledge that he had incurred an injury provided him with good cause * * *." Thus, the board's analysis is expressly predicated on its determination that claimant *did not know* that he had been injured. Moreover, the board's reasoning does not appear to be based on the notion that claimant was excused from reporting his injury because he decided to "work through it." To the contrary, the order mentions that kind of "working through it" decision only in the context of discussing a different case, *Michael D. Chilcote*, 64 Van Natta 766 (2012), which the board distinguished from this one on the basis that the *Chilcote*

claimant knew he was injured and had "self-treated" his severe symptoms.[2]

We next consider whether the board articulated a rational connection between its factual findings and its ultimate conclusion—that claimant had good cause for not timely reporting his injury because he lacked knowledge that he had been injured. We conclude that it did not. As employer points out, the board found as fact that claimant knew that something happened to his body at a particular moment on April 27, 2011, when he felt a "weird pull" as he lifted a heavy object. From that point forward, the board found that claimant had "increase difficulty working" as he experienced ongoing soreness. The board's order does not explain how claimant could be aware of the date and time at which he felt a distinct painful sensation in his body while lifting a heavy object at work, and could have soreness in the same area that made work more difficult for him over the next few months, yet still "lack * * * knowledge" that he had suffered a work-related injury.

Similarly, the board's order does not resolve or explain away the apparent tension between the board's finding that claimant was unaware that he was injured and the ALJ's finding that "claimant was aware of an incident that caused symptoms and his symptoms did not improve"—a finding that the board adopted on review. Moreover, the board acknowledged both that claimant had "not experience[d] this pain before the incident" and that—once claimant received his hernia diagnosis in October 2011—he consistently and exclusively attributed his symptoms to the work incident. Yet the order does not explain why the board

---

[2] In *Chilcote*, the board determined that the claimant "was well aware that he had sustained an injury within 90 days of the work incident," and it concluded that the claimant's "choice to 'work through' the injury did not establish good cause for his failure to give timely notice of the injury." *Chilcote*, 64 Van Natta at 769.

It is true in this case, as claimant observes, that the board's explanation of why claimant had good cause for not reporting his injury within 90 days includes a finding that claimant "kept working and was able to complete his job duties." If we have misunderstood the board's order, and it actually is premised (as claimant contends) on a determination that claimant's ability to "work through" his injury gave him good cause for not reporting it, despite the ruling in *Chilcote*, the board can set out that finding, as well as the related legal reasoning, on remand.

found it plausible that claimant did not recognize, until more than 90 days had passed, that his symptoms were associated with the pain that he had experienced for the first time while he was working on April 27, 2011.

In sum, the board's findings about the work incident and the sensations that claimant experienced appear to be inconsistent with the board's ultimate finding that claimant did not know, when he experienced the pull in his testicle, that he had been injured. That ultimate finding is the predicate for the board's legal conclusion that claimant had good cause for not notifying employer of the injury within 90 days. Because the board's order includes inconsistent factual findings and does not include a rational explanation of how those findings logically lead to its conclusion, the order lacks substantial reason.[3] *See Hamilton,* 266 Or App at 682 (holding that the order was not based on substantial reason when the board failed to show how "the facts that it identifies connect to its conclusion"); *Christman v. SAIF,* 181 Or App 191, 197-98, 45 P3d 946 (2002) (reversing and remanding board order that did not include an explanation of seemingly inconsistent factual findings); *Furnish v. Montavilla Lumber Co.,* 124 Or App 622, 625, 823 P2d 524 (1993) (reversing and remanding board order that included inconsistent factual findings).

Reversed and remanded.

---

[3] Some of the tension in the board order may stem from apparent inconsistencies in the board's previous orders relating to claimants' failure to notify their employers of work injuries within 90 days under ORS 656.265(1). In at least one case, the board ruled that workers must notify their employers of all work injuries, not only those that are "significant or serious." *Chilcote,* 64 Van Natta at 767 ("ORS 656.265(1) does not require a claimant to give an employer notice of an accident only if it is significant or serious."). However, at least one other board order may be read to suggest that a claimant had good cause for not reporting his injury within 90 days because the claimant did not know that the injury was "significant." *Corey A. Otterson,* 63 Van Natta 156, 157 (2011) ("[C]laimant's lack of knowledge that he had incurred a significant injury provided him with good cause for his failure to provide the employer with notice of an accident within the applicable 90-day period."). It may be that the board's order in this case is premised on an implicit determination that ORS 656.265 requires workers to report only those injuries that are "significant" or that meet some other limiting criteria. If that is the basis for the board's ruling, it should say so on remand and explain how that determination comports with the applicable statutes and administrative rules.