Argued and submitted May 12, 2021, affirmed June 2, 2022

In the Matter of the Compensation of
Raymond A. Johnson-Chandler, Claimant.

Raymond A. JOHNSON-CHANDLER,
*Petitioner,*

*v.*

THE REED INSTITUTE - REED COLLEGE,
*Respondent.*

Workers' Compensation Board
1800374; A172666

513 P3d 10

Claimant seeks judicial review of an order on reconsideration of the Workers' Compensation Board (the board). That order rejected claimant's contention that he had "good cause," within the meaning of ORS 656.265(4)(c), for failing to give his employer notice of his work injury within 90 days. *Held*: Under the "reasonable worker" standard adopted by the board pursuant to its delegated authority, a worker does not have "good cause" for failing to provide notice within the 90-day period if the worker has "sufficient knowledge to lead a reasonable worker to conclude that workers' compensation liability was a reasonable possibility and that notice to the employer was appropriate." *Estrada v. Federal Express Corp.*, 298 Or App 111, 122, 445 P3d 1276, *rev den*, 365 Or 769 (2019). Accepting the unchallenged facts found by the board and applying that "reasonable worker" standard, the Court of Appeals concluded that the board did not err in determining that claimant had not established good cause for his untimely notice.

Affirmed.

Jodie Anne Phillips Polich argued the cause for petitioner. Also on the briefs was Law Offices of Jodie Anne Phillips Polich, P.C.

Trisha D. Hole argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

Claimant seeks judicial review of an order on reconsideration of the Workers' Compensation Board rejecting claimant's contention that he had "good cause" within the meaning of ORS 656.265(4)(c) for failing to give his employer notice of his work injury within 90 days. We review the board's order for substantial evidence, substantial reasoning, and errors of law. ORS 656.298(7); ORS 183.482(7), (8). We conclude that the board did not err and affirm.

Claimant, a campus community safety officer, injured his thumb at work while strapping a bicycle to a roof rack. Claimant thought that he had sprained his thumb. He experienced intense pain at the time of the injury, but the pain subsided over several days. Claimant had had a similar injury in the past, not work-related, that had healed on its own. He did not report the work injury, because he expected that it also would heal on its own without medical attention.

Claimant treated the injury with ice, heat, wrapping, and soaking in hot water with Epsom salts. But claimant's symptoms worsened and, some six months after the date of the injury, claimant sought medical treatment for what was diagnosed as a condition requiring surgery, and he filed this claim.

ORS 656.265 sets the time limits for giving notice of a work injury to an employer and provides, in pertinent part:

"(1)(a)   Notice of an accident resulting in an injury or death shall be given immediately by the worker or a beneficiary of the worker to the employer, but not later than 90 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"* * * * *

"(4)   Failure to give notice as required by this section bars a claim under this chapter unless the notice is given within one year after the date of the accident and:

"* * * * *

> "(c)   *The worker or beneficiaries of the worker establish that the worker had good cause for failure to give notice within 90 days after the accident.*"

(Emphasis added.)

Employer denied claimant's claim for the reason that it had not received notice of the injury within 90 days of the injury. Claimant requested a hearing. He acknowledged that he had not notified employer of the injury within 90 days. But he argued that his claim was not time-barred, because he gave employer notice within one year after the injury and had "good cause" for failing to give the notice within 90 days. The ALJ agreed with claimant, but the board reversed, concluding that claimant had not established good cause. Claimant seeks judicial review.

We provide some context for the board's "good cause" determination in this case. In its order in *Juan Estrada*, 69 Van Natta 71 (2017), on remand from our opinion in *Federal Express Corp. v. Estrada*, 275 Or App 400, 364 P3d 25 (2015) (*Estrada I*), the board explained its understanding of the "good cause" determination under ORS 656.265(4)(c). To encompass the myriad of circumstances that might constitute "good cause" for failing to provide notice within the 90-day period allowed by ORS 656.265(1)(a), the board adopted a "reasonable worker" standard. *Estrada*, 69 Van Natta at 74. The board explained that the "reasonable worker" standard would examine "whether the worker knew of enough facts to lead a reasonable worker to conclude that worker's compensation liability was a reasonable possibility and that notice to the employer was appropriate." *Id.* That standard might be satisfied if the worker lacked knowledge within the 90-day period that the worker had experienced an accident resulting in a compensable injury. *Id.* at 76-77. However, the board explained that if

> "the worker had sufficient knowledge to lead a reasonable worker to conclude that workers' compensation liability was a reasonable possibility and that notice to the employer was appropriate, the worker's choice to 'work through' symptoms or to avoid professional medical treatment would not necessarily establish that the worker was unaware of an 'injury.'"

*Id.* at 76. The board explained that in evaluating that issue, it would consider "the worker's credible testimony regarding such knowledge, as well as the circumstances supporting the worker's understanding."[1] *Id.* at 75-76.

In *Estrada v. Federal Express Corp.*, 298 Or App 111, 122, 445 P3d 1276, *rev den*, 365 Or 769 (2019) (*Estrada II*), we concluded that the board's "reasonable worker" standard for determining "good cause" in the context of ORS 656.265(4)(c) was within the range of discretion that the legislature had delegated to the board:

> "The standard that the board applied to determine whether claimant had established good cause did not fall outside the range of the board's discretion. Although it is true that the board had to make an individualized determination whether claimant had good cause to give late notice of the accident, it does not follow that the board could not apply an objective standard. Within its delegated discretion, the board could determine that failing to give notice of an accident within 90 days, despite knowing facts from which a reasonable person would conclude that workers' compensation liability was a reasonable possibility and that notice to the employer was appropriate, is not good cause under ORS 656.265(4)(c).

> "* * * * *

> "Because the standard that the board applied to determine whether claimant had established 'good cause' for giving late notice of the accident does not fall outside of the statutory limits of ORS 656.265(4)(c), the board did not abuse its discretion, and we reject claimant's second assignment of error. Accordingly, we affirm the board's order."

*Id.* at 122, 124.

---

[1] The board noted the circumstances that it would consider:

"Such circumstances may include (but will not be limited to) the nature of the work accident and subsequent symptoms, the worker's understanding of the accident's relationship with subsequent symptoms, contemporaneous medical evidence regarding the nature or cause of a condition, alternative explanations for symptoms, self-treatment, the degree to which the symptoms restricted the worker's on- and off-work activities, the worker's education and occupational background, and reasonable reliance on legal or medical evidence."

*Id.* at 75.

Here, relying on *Estrada II* and the "reasonable worker" standard, the board concluded:

> "[C]laimant knew of sufficient facts to lead a reasonable worker to conclude that workers' compensation liability was reasonably possible and that it was appropriate to report the accident within the 90-day period allowed by ORS 656.265(l)(a). In other words, we find that a reasonable person in claimant's situation would have known of enough facts to be expected to give timely notice of the accident."

In explaining that determination, the board acknowledged claimant's explanation that he had delayed reporting the injury and seeking medical treatment because he thought it was only a sprain, and because he had suffered a similar injury in the past that had resolved without treatment. But the board reasoned that claimant's initial belief that the injury was not significant enough to seek medical treatment did not excuse the untimely notice. The board found that claimant had been trained to report workplace injuries and that he knew that such injuries should be reported; that the injury had caused claimant "excruciating" pain when it occurred; that claimant had adjusted some of his work tasks to avoid pain in his thumb and had self-treated; and that, although symptoms initially improved, they became worse again within the 90-day period to the extent that claimant began wearing a wrist brace. Based on those findings, the board determined that claimant had acquired sufficient knowledge, within the 90-day period, that his injury was one that was possibly subject to workers' compensation liability and that should be reported. Therefore, the board concluded that claimant had not established good cause for his untimely notice.

On judicial review, claimant does not challenge the board's findings. Rather, claimant contends that the board misapplied the "reasonable worker" standard to exclude from "good cause" circumstances that the legislature explicitly targeted when it amended ORS 656.265(4) in 2003 to include paragraph (c), Or Laws 2003, ch 707, § 1, providing a "good cause" exception to the 90-day limitation. Claimant contends that the legislative history shows that the legislature intended that a worker's decision to "work through" an injury constitutes good cause under the statute when

the record establishes that the worker acted reasonably in delaying notice of the claim. Claimant suggests that under the "reasonable worker" standard, a worker establishes "good cause" for late notice to the employer if the worker gave notice when the worker reasonably became aware of the need for medical treatment.

We have reviewed the legislative history. Indeed, in support of the amendment, a witness described the seeming unfairness of circumstances like claimant's—where a claim is rejected as untimely because the worker, thinking the injury will heal on its own, does not notify the employer within the 90 days required by ORS 656.265(1)(a). *See, e.g.*, Tape Recording, Senate Committee on Rules, SB 932, July 30, 2003, Tape 107, Side A (statement of Bob Shiprack). However, as we held in *Estrada II*, the legislature delegated to the board responsibility for determining the meaning of "good cause." 298 Or App at 121. We held in *Estrada II* that we would not substitute our own judgment of "good cause" for that of the board's, because the board's standard was within the range of discretion delegated by the legislature. *Id.* Under the standard adopted by the board, a worker does not have good cause if the worker had "sufficient knowledge to lead a reasonable worker to conclude that workers' compensation liability was a reasonable possibility and that notice to the employer was appropriate." *Estrada*, 69 Van Natta at 76. Claimant does not contend that *Estrada II* was "plainly wrong" and should be overruled under *State v. Civil*, 283 Or App 395, 388 P3d 1185 (2017).

The board found here that claimant had sufficient knowledge such that a reasonable worker in his position would have reported the injury, and therefore lacked "good cause" for failing to provide timely notice. Although claimant's decision to "work through" his symptoms and wait to see if the injury would heal on its own before seeking medical treatment may have been among the circumstances that the board could consider in determining whether claimant had sufficient knowledge, contrary to claimant's argument, that circumstance did not require the board to find that claimant lacked sufficient knowledge until he decided to go to the doctor. As noted, claimant does not challenge

the board's findings. We conclude that, under the standard adopted by the board, the board did not err in determining that claimant did not establish good cause for the untimely notice.[2]

Affirmed.

---

[2] In his reply brief, claimant asserts that "an 'accident' does not become an 'injury' requiring notice under ORS 656.265(l)(a) until it is established by medical evidence, supported by objective findings that the accident required medical treatment or results in disability or death as required by ORS 656.005(7)(a)." We do not address that argument, which was not made to the board.