Argued and submitted October 17, 2002, reversed and remanded for reconsideration May 8, 2003

In the Matter of the Compensation of
Glenda G. Braden, Claimant.

Glenda G. BRADEN,
*Petitioner,*

*v.*

SAIF CORPORATION
and Leathers Oil Incorporated,
*Respondents.*

00-07986; A115779

68 P3d 1004

Donald M. Hooton argued the cause and filed the briefs for petitioner.

Julene Marian Quinn argued the cause and filed the brief for respondents.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

.

WOLLHEIM, J.

## WOLLHEIM, J.

Claimant seeks review of an order of the Workers' Compensation Board that set aside in part and affirmed in part SAIF's compensability denial. Claimant contends that the board erred when it concluded that procedural requirements did not prevent it from fashioning a remedy eliminating SAIF's duty to process a combined condition claim in a manner consistent with the law. Further, claimant argues that, in any case, the board did not have the authority to reach the issue because neither party had raised it. We review for errors of law, ORS 183.482(7) and (8), and reverse and remand.

The facts are not disputed. Claimant is a bookkeeper for Leathers Oil, Inc. On August 21, 2000, claimant suffered a lower back strain when she bent over to remove a plastic waste basket liner. The following morning claimant sought medical treatment. Her physician prescribed physical therapy and referred her to Dr. Meigs, an orthopedist. Meigs diagnosed a mild lower back strain and saw claimant three times: August 29, September 7, and September 21, 2000. During this time, claimant was also suffering financial difficulties. Claimant filed for bankruptcy a week after the injury.

An MRI revealed a small disc protrusion. Later, Dr. Yarusso examined claimant on behalf of SAIF and concluded that, although claimant may have suffered a mild strain to her lower back, her symptoms demonstrated inconsistencies and were out of proportion to objective findings. Yarusso believed that there were preexisting "personality characteristics and psychosocial issues that * * * play a significant role in the onset, severity, exacerbation, and maintenance of her current complaints." Specifically, the doctor believed that claimant's various financial difficulties were playing a role in the pain that she was suffering in her back. Meigs concurred with Yarusso's report.[1]

---

[1] Although he concurred in the report, in his deposition, Meigs stated that he believed that claimant's initial injury was work related and then, at some point between the second and third visit, various other factors took over and were causing her discomfort.

SAIF denied the claim for the reasons that the claim was not supported by objective findings and the August 21 injury was not the major cause of claimant's need for treatment or disability. Claimant requested a hearing before an administrative law judge (ALJ). Both claimant and SAIF framed the issue at hearing as whether the August 21 injury was compensable.

The ALJ concluded that claimant had established that the August 21 lower back injury arose out of her work activities. The ALJ also concluded that claimant's condition was caused by the combination of preexisting disc disease, psychosocial factors, and the injury of August 21. The ALJ accordingly applied the major contributing cause standard of ORS 656.005(7)(a)(B).[2] Relying on Meigs's opinion, the ALJ determined that the major contributing cause of the need for treatment and disability was the work injury, and that SAIF"s denial must be set aside. The ALJ then remanded the claim for acceptance and processing.

SAIF sought review of the ALJ's decision, framing the issue as whether the evidence established that the work injury was the major contributing cause of claimant's disability and need for treatment. The board concluded that the injury was the major contributing cause of claimant's disability and need for treatment until September 20, 2000, the day before claimant's last visit with Meigs. The board accordingly limited the scope of the ordered acceptance to the period before September 20, 2000, and reinstated SAIF"s denial for the period after September 20, 2000.

Claimant sought reconsideration, arguing that the board had "improperly entered the arena of claims processing[,]" effectively creating an acceptance and denial of a combined condition under ORS 656.262(6)(c). Claimant also argued that the board did not have the authority to decide

---

[2] ORS 656.005(7)(a)(B) provides:

"If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

that claimant had established compensability only for the discrete period of time before September 20, 2000, because no party had argued the case that way. The board rejected claimant's arguments and adhered to its prior order.

On review, claimant again argues that the board could not limit the compensability of her claim to the period before September 20, 2000, in light of the fact that SAIF did not accept or deny a combined condition. More specifically, claimant contends that, under ORS 656.262(6)(c) and (7)(b), an insurer is required to accept a combined condition before it can deny the compensability of a combined condition. Claimant contends that, when the board determined that her condition was not compensable after September 20, it impermissibly bypassed those statutory requirements. SAIF argues that the board's order partially setting aside the denial in effect implements the process laid out in the statutes. In addition, claimant renews her argument that the board could not consider an issue not raised by the parties.

We first consider the latter issue. ORS 656.295(6) provides that "[t]he board may affirm, reverse, modify or supplement the order of the [ALJ] and make such disposition of the case as it determines to be appropriate." We have repeatedly interpreted ORS 656.295(6) as granting the board *de novo* review and as authorizing the board to address issues *sua sponte. Christman v. SAIF*, 181 Or App 191, 195, 45 P3d 946 (2002); *Destael v. Nicolai Co.*, 80 Or App 596, 600, 723 P2d 348 (1986). However, there are limits on the board's authority. *Birrer v. Principal Financial Group*, 172 Or App 654, 659-60, 19 P3d 972 (2001). For example, in a case determining compensability, the board could not, under its *de novo* authority, determine that a claimant is permanently totally disabled. Nor could the board, in an extent of disability case, determine that the claim was never compensable. The board could not take either action because it would be sidestepping the statutory requirements for claim processing. For the reasons discussed below, the board in this case should not have considered whether it was appropriate to limit SAIF's acceptance of this claim to a specific date.

■ To resolve whether the board could so limit the scope of the ordered acceptance, we must interpret ORS

656.262(6)(c) and (7)(b). Our goal is to determine the intent of the legislature in enacting those statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We begin with their texts. ORS 656.262(6)(c) provides:

> "An insurer's or self-insured employer's acceptance of a combined or consequential condition under ORS 656.005(7), whether voluntary or as a result of a judgment or order, shall not preclude the insurer or self-insured employer from later denying the combined or consequential condition if the otherwise compensable injury ceases to be the major contributing cause of the combined or consequential condition."

ORS 656.262(7)(b) provides:

> "Once a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim may be closed."

In *Croman Corp. v. Serrano*, 163 Or App 136, 140-41, 986 P2d 1253 (1999), we interpreted those two statutes, holding that, before an insurer may issue a preclosure denial under ORS 656.262(6)(c) and ORS 656.262(7)(b), it must have first accepted the combined condition. *See also Blamires v. Clean Pak Systems, Inc.*, 171 Or App 263, 267, 15 P3d 101 (2000) (the acceptance of a combined condition must precede the denial of a combined condition).

In this case, there is no question that claimant suffered from a combined condition. SAIF issued its denial because it believed that the medical evidence showed that the August 21 injury was not the major cause of claimant's condition. The evidence at hearing focused only on whether claimant's combined condition was compensable, *i.e.*, whether the August 21 injury was the major contributing cause of the disability or need for treatment of the combined condition. Nevertheless, the board determined that claimant's condition was compensable only until September 20, and it reinstated SAIF's denial after that date.

We agree with claimant that in so ruling the board bypassed the statutory requirement that a combined condition must first be accepted before it can be denied. ORS 656.262(7)(b); *Croman*, 163 Or App at 140-41. As set out above, claimant was entitled, under the statute, to notice of SAIF's acceptance of a combined condition before that condition could be denied. Neither requirement, claim acceptance nor subsequent denial, was satisfied here, because SAIF denied the claim in its entirety. The board's order limiting the compensability of the condition to the time before September 20, 2000, effectively released SAIF of its obligation to process the combined condition claim pursuant to ORS 656.262(6)(c) and (7)(b) and reached an issue that was not before the board.

SAIF's argument to the contrary, that claimant was not deprived of any of the processes set forth in the statutes, is unavailing. As we understand SAIF's argument, it contends that claimant will *eventually* get all the process to which she is entitled because SAIF will now accept the claim and then issue a combined condition denial under ORS 656.262(7)(b). That argument ignores the fact that the board has predetermined the outcome of any subsequent litigation by holding that claimant's condition is not compensable after September 20, 2000. In addition, claimant was entitled to this process *before* any litigation to determine whether her condition remained compensable. The board erred in reinstating SAIF's denial after September 20, 2000.

Reversed and remanded for reconsideration.