Argued and submitted September 30, reversed and remanded October 29, 2014

In the Matter of the Compensation of
Carl W. Hamilton, Claimant.

Carl W. HAMILTON,
*Petitioner,*

*v.*

PACIFIC SKYLINE, INC.,
*Respondent.*

Workers' Compensation Board
1201235; A154725

338 P3d 791

Ronald A. Fontana argued the cause and filed the briefs for petitioner.

Howard R. Nielson argued the cause for respondent. On the brief were Karen S. Varney and Radler, Bohy, Replogle & Conratt, LLP.

Before Duncan, Presiding Judge, and Lagesen, Judge, and De Muniz, Senior Judge.

LAGESEN, J.

## LAGESEN, J.

Claimant petitions for review of orders of the Workers' Compensation Board (board).[1] In those orders, the board (1) reversed an administrative law judge's (ALJ's) determination that claimant was not entitled to temporary disability benefits for the period of time after claimant's self-insured employer disapproved claimant's attending physician, and awarded temporary disability benefits to claimant for that time period; and (2) concluded that, notwithstanding the fact that claimant's employer had erroneously concluded that claimant was not entitled to temporary disability benefits for the time period at issue, claimant was not entitled to penalties and attorney fees under ORS 656.262(11)(a) because, under the circumstances, the employer's failure to pay the benefits owed was not unreasonable. Claimant assigns error to the board's determination that he was not entitled to penalties and attorney fees under ORS 656.262(11)(a). He argues, in part, that the board's determination is not supported by substantial reason. We agree. We therefore reverse and remand to the board to supply the reasoning for its determination. *See Drew v. PSRB*, 322 Or 491, 500-01, 906 P2d 1211 (1996) (when agency fails to connect its findings of fact to its holding, order must be vacated and remanded).

Claimant does not assign error to the board's findings of historical fact. Accordingly, we draw the facts underlying this case from the board's orders, and from the factual findings of the ALJ adopted by the board. *Meltebeke v. Bureau of Labor and Insustries*, 322 Or 132, 134, 903 P2d 351 (1995).

Claimant injured his left knee in 2008 while working for employer as a truck driver. Employer eventually accepted claimant's workers' compensation claim for a number of left knee conditions. Claimant began treatment for his knee conditions with Dr. Baltins, an orthopedic surgeon,

---

[1] The orders are: the board's "Order on Review" of the ALJ's decision and the board's "Order on Reconsideration" clarifying the board's reasoning in the "Order on Review." The "Order on Reconsideration" withdrew and republished the "Order on Review," and claimant timely petitioned for review of the "Order on Reconsideration," placing both orders before us.

in December 2008, beginning a sequence of surgeries and physical therapy that spanned several years. Baltins's chart notes throughout that period indicate that claimant was disabled, and do not indicate an ending date for that disability. Although employer did not receive those chart notes until April 23, 2012, a November 1, 2011, note by employer's claim examiner reflects that, as of that date, Baltins had found that claimant remained disabled and required additional physical therapy.

In connection with claimant's disability, employer continuously paid total temporary disability benefits until February 26, 2012. On February 22, 2012, employer discontinued its approval of Baltins as claimant's attending physician. Thereafter, on March 9, 2012, employer alerted claimant that claimant's temporary disability benefits had ended as of February 25, 2012, because, at that point, Baltins was no longer authorized to be claimant's attending physician, and claimant had not obtained a new attending physician. Claimant requested a hearing before an ALJ on the termination of his temporary disability benefits. In the interim period before the scheduled hearing date in June, employer paid claimant temporary disability benefits for the period of February 27, 2012 through April 29, 2012, and for the period between April 30, 2012 and May 13, 2012. Employer made the first payment on April 16, 2012, and the second payment on May 15, 2012.

On April 26, 2012, the Workers' Compensation Division of the Department of Consumer and Business Services (WCD) upheld employer's disapproval of Baltins as claimant's attending physician.

Claimant's hearing was held as scheduled in June. Following the hearing, the ALJ issued an order concluding that claimant was not entitled to temporary disability benefits after the date on which Baltins had been disapproved as claimant's attending physician. The ALJ reasoned that, because claimant had no attending physician after that date, there was no authorization from an attending physician for temporary disability benefits in effect for that period. Accordingly, the ALJ concluded that, under ORS 656.262(4)(g), benefits were not owed because the statute specifies that

"[t]emporary disability compensation is not due and payable *** after the worker's attending physician *** ceases to authorize temporary disability or for any period of time not authorized by the attending physician." ORS 656.262(4)(g).

Claimant sought review before the board. On review, the board reversed and awarded claimant temporary disability benefits for the period in question, concluding that Baltins's authorization of disability was open-ended and, therefore, remained effective notwithstanding his discontinuation as claimant's attending physician; one board member concurred in the decision on the ground that "case law supports, albeit marginally, the result the majority reaches."

Although the board awarded claimant temporary disability benefits for the period at issue, the board denied claimant's request for attorney fees and penalties under ORS 656.262(11)(a), which mandates an award of fees and penalties "[i]f the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation." The board stated that employer's refusals and delays in paying temporary disability benefits to claimant for the periods after February 26, 2012, were not unreasonable because the record did not show that the board had received Baltins's open-ended disability authorization until April 23, 2012, after it had reinstated claimant's benefits retroactively. The board also stated that employer's refusals and delays were not unreasonable because "the WCD had affirmed the employer's disapproval of Dr. Baltins as claimant's attending physician."

Claimant requested reconsideration of the board's denial of fees and penalties. On reconsideration, claimant pointed out that the employer's records contained the November 1, 2011, claim examiner note stating that Baltins had found that claimant remained disabled and required more physical therapy, indicating that employer was aware of Baltins's open-ended authorization of disability. The board acknowledged the notation, but adhered to its prior determination that employer had not acted unreasonably. The board stated that, notwithstanding the notation, absent written verification from Baltins, which employer did not receive until April 23, 2012, employer had a legitimate doubt about

its obligation to pay temporary disability compensation for the period in question. The board further stated that, "when a carrier acts in accordance with a validly enacted rule or statute (even though it does not expressly rely on that particular point or authority), such an action can be justified." The board also reiterated that, with respect to employer's late payment of benefits for the time period between April 30, 2012 and May 13, 2012, the fact that WCD had affirmed employer's disapproval of Baltins on April 26, 2012, gave employer a legitimate doubt about whether benefits were owed for that period.

Claimant timely petitioned for review of the board's orders. On review, claimant asserts, among other things, that the board's determination that claimant is not entitled to attorney fees and penalties under ORS 656.262(11)(a) is not supported by substantial reason. We agree.

Agency orders, including orders of the board, must be supported by substantial reason. *Jenkins v. Board of Parole*, 356 Or 186, 195-96, 335 P3d 828 (2014); *Drew*, 322 Or at 500; *Walker v. Providence Health System Oregon*, 254 Or App 676, 686, 298 P3d 38, *rev den*, 353 Or 714 (2013). That substantial reason requirement inheres in our substantial evidence standard of review under ORS 183.482(c).[2] *Jenkins*, 356 Or at 196. "In determining whether the board's order is supported by substantial reason, we consider whether that order articulates the reasoning that leads from the facts found to the conclusion drawn." *Walker*, 254 Or App at 686 (internal quotation marks omitted).

Here, the issue before the board was whether employer unreasonably refused or delayed paying claimant's temporary disability benefits. As our case law explains, an employer does not act unreasonably if the employer has a "legitimate doubt" about its obligation to pay. *Cayton v. Safelite Glass Corp.*, 257 Or App 188, 192, 306 P3d 726 (2013); *Brown v. Argonaut Insurance Company*, 93 Or App 588, 591, 763 P2d 408 (1988). Whether an employer acted unreasonably or, instead, had a legitimate doubt as to its

---

[2] ORS 656.298(7) states that our review of board orders "shall be as provided in ORS 183.482(7) and (8)."

liability is "considered in the light of all the evidence available to the insurer." *Brown*, 93 Or App at 591.

In the orders, the board based its conclusion that employer had a legitimate doubt about its liability for temporary disability—and thus did not act unreasonably—on the following facts and principle: (1) employer did not receive Baltins's written verification of disability until April 23, 2012, and apparently had only oral notice of the disability determination before that date; (2) WCD ultimately upheld employer's disapproval of Baltins as claimant's attending physician after employer had stopped or delayed claimant's benefits; and (3) the board previously has recognized that, if an employer's conduct comports with a "validly enacted rule or statute," then the employer acts reasonably. But the board does not explain in its orders why those facts lead to the conclusion that employer had a legitimate doubt about its obligations under ORS 656.262(4) to pay temporary disability compensation to claimant during the period of time after February 26, 2012.[3]

The board's point regarding compliance with statutes and rules likewise does not provide the reasoning needed to sustain the board's orders. Although the reconsideration order cites to "ORS 656.262(4)(a), (g)" in the paragraph preceding the one in which the board makes that point, the order does not set forth the board's rationale on how those statutory provisions play into the "legitimate doubt" calculus. In particular, absent further explanation from the board, we cannot discern from the order whether the board (1) construed ORS 656.262(4)(a) and (g) to require *written* authorization as a matter of law as a prerequisite to the obligation to pay benefits;[4] (2) concluded that the employer relied on a reasonable, albeit mistaken, interpretation of

---

[3] Given that some of the facts relied on by the board reflect events occurring *after* employer initially stopped or delayed claimant's benefits, it is difficult to see—without a reasoned explanation from the board—how those facts are probative of whether employer had a legitimate doubt about its liability at the time it opted to stop paying claimant.

[4] We note that, if this is in fact the board's reasoning, the board's interpretation of ORS 656.262(a) and (g) would appear to conflict with the administrative rule promulgated by the Department of Consumer and Business Services to implement the statute. That rule provides that authorization may be oral or in writing. OAR 436-060-0020(4).

that statute; (3) concluded that, although written authorization is not necessarily required by the statute, on the particular facts of this case, the lack of a written authorization gave employer a legitimate doubt regarding its obligation to pay benefits; or (4) concluded something else altogether.

In sum, we cannot tell from the board's orders how, in the board's view, the facts that it identifies connect to its conclusion that employer had a legitimate doubt from a legal standpoint as to its liability for benefits during the relevant time periods. *See Brown*, 93 Or App at 591-92. Although the record could support a reasoned conclusion that employer had a legitimate doubt regarding its liability, our standard of review does not permit us to supply that reasoning on behalf of the board. *Drew*, 322 Or at 500-01. For that reason, we reverse the board's orders and remand for reconsideration in the light of this decision.

Reversed and remanded.