POWERS, J.
*516 Employer Baker Industrial Services (Baker) and its workers' compensation insurance carrier, Travelers Insurance Company (Travelers), seek judicial review of an order of the Workers' Compensation Board (the board) awarding claimant attorney fees and a 25 percent penalty under ORS 656.262(11)(a) for unreasonable claim processing. On review, Travelers assigns error to the board's award of attorney fees under ORS 656.383(2) and ORS 656.382(3),[1] arguing that the effective date of those statutes precludes the board from awarding the fees. Travelers also assigns error to the board's assessment of a 25 percent penalty and related attorney fees under ORS 656.262(11)(a) for unreasonable claim processing, arguing that the record in this case supports the conclusion that Travelers had a legitimate doubt as to the proper method to calculate claimant's temporary total disability (TTD) rate, such that its claim processing was not unreasonable. As explained below, we conclude that the board did not err in awarding attorney fees or in assessing a penalty and related attorney fees and therefore affirm.
Beginning in 2010, claimant worked periodically for Baker, working 12-hour days. Claimant testified that, between 2010 and 2013, he completed approximately four or five projects for Baker per year and that, after each job, there was no agreement with Baker that claimant would return. In December 2013, claimant began permanent *517 employment with All-Ways Excavation (AWE). Claimant reported to Baker that he was taking the AWE job and that he would no longer be available for future jobs with Baker; however, in January 2014, Baker offered claimant a week-long job at a mill in Toledo, Oregon. Claimant testified that he received permission from AWE to take one week off so that he could work the Toledo job, for which he expected to be paid a higher wage by working overtime.
The board found that, based on claimant's testimony and Baker's office manager's testimony, claimant's work for Baker was temporary, *1155 as needed, and that there was no agreement between Baker and claimant about future work. The board found that claimant, Baker, and AWE understood that claimant's Toledo job for Baker would last only one week, after which claimant would return to his job with AWE. Claimant injured his left arm during the one-week period while working for Baker. In calculating claimant's TTD rate under OAR 436-060-0025(5), Travelers averaged claimant's 52 weeks of earnings preceding the work injury. Claimant challenged the calculation of the TTD rate, as well as the duration of benefits, and requested a hearing.
An administrative law judge (ALJ) awarded claimant TTD benefits for a portion of the additional period that claimant sought and concluded that Travelers had been unreasonable in its failure to pay that compensation. For that processing error, the ALJ assessed a penalty under ORS 656.262(11)(a) and attorney fees. However, the ALJ determined that Travelers had properly calculated claimant's TTD rate based on claimant's average weekly earnings with Baker for the 52 weeks prior to the date of injury. Claimant appealed the ALJ's order to the board, continuing to contend that the rate of TTD was incorrect and to seek benefits for an additional period of disability. Travelers also appealed, challenging the award of penalties and attorney fees.
The board declined to extend claimant's benefits for an additional period of disability, but upheld the ALJ's assessment of a penalty and award of attorney fees. The board also agreed with claimant that Travelers had miscalculated claimant's TTD rate. Finding that claimant's employment *518 with Baker was not continuous, but terminated after each period of work, the board concluded that, under OAR 436-060-0025(5)(a)(A) (2014),[2] claimant's wage rate for purposes of TTD must be based on claimant's wage agreement with Baker during the most recent period of employment-that is, the one-week job in Toledo. The board awarded claimant an attorney fee under ORS 656.383(2) for his attorney's services in pursuing a correction of Travelers' TTD calculation.
The board further concluded that Travelers' calculation of claimant's TTD rate based on claimant's 52 weeks of pre-injury wages had been unreasonable and assessed a penalty based on 25 percent of the amounts due as a result of the improper calculation, along with a $ 3,000 penalty-based attorney fee for services rendered litigating the issue.
Finally, because claimant had prevailed on Baker's challenge to the ALJ's award of attorney fees, the board further awarded claimant attorney fees under ORS 656.382(3).
On review, Travelers first contends that the board's awards of attorney fees under ORS 656.383(2) and ORS 656.382(3) are erroneous as a matter of law because neither party raised the issue before the board. In addition, Travelers argues that the awards were in error because the effective date of both attorney fee provisions is January 1, 2016, and the provisions apply only to orders issued and attorney fees incurred on or after the effective date. According to Travelers, all briefing and legal services were rendered prior to the effective date, such that the statutes do not give rise to an award of fees in this case. Travelers also argues on review that the board erred in awarding a 25 percent penalty and $ 3,000 in attorney fees under ORS 656.262(11)(a) for unreasonable claim processing. In Travelers' view, the record supports the conclusion that Travelers had a legitimate doubt as to the calculation of claimant's TTD rate, *519 such that its claim processing was not unreasonable under the circumstances.
We first address Travelers' arguments regarding attorney fees. As an initial matter, Travelers contends that, because claimant never requested an attorney fee under ORS 656.383(2) or ORS 656.382(3), the *1156 board erred in awarding the fees sua sponte . According to Travelers, the board "overreached by addressing an issue not raised by either party, relieving claimant of his burdens of proof and persuasion and depriving Travelers an opportunity to defend the issue." We disagree. We consistently have held that, under the board's de novo review, it has authority to reverse or modify an ALJ's order or make any other disposition that it deems appropriate. See ORS 656.295(6) (providing that the board "may affirm, reverse, modify or supplement the order of the Administrative Law Judge and make such disposition of the case as it determines to be appropriate"); see also Farmers Ins. Group v. Huff , 149 Or. App. 298, 307, 942 P.2d 853 (1997) (rejecting argument that the board erred because it addressed the issue of attorney fees sua sponte ).
Our decision in Braden v. SAIF , 187 Or. App. 494, 68 P.3d 1004 (2003), is not to the contrary. It is true, as Travelers asserts, that there are "limits on the board's authority" when it reviews de novo . Id. at 498, 68 P.3d 1004 (citing Birrer v. Principal Financial Group , 172 Or. App. 654, 659-60, 19 P.3d 972 (2001) ). Those limits prevent the board from "side-stepping the statutory requirements for claim processing." Braden , 187 Or. App. at 498, 68 P.3d 1004. As we explained, "[f]or example, in a case determining compensability, the board could not, under its de novo authority, determine that a claimant is permanently totally disabled. Nor could the board, in an extent of disability case, determine that the claim was never compensable." Id. However, we conclude that the board has authority on its de novo review to address entitlement to attorney fees sua sponte .
As to the merits, we agree with claimant that the board did not err in determining that both ORS 656.383(2) and ORS 656.382(3) were applicable. Those provisions were enacted by the legislature in 2015. Or. Laws 2015, ch. 521, §§ 5, 10. The parties' arguments require us to construe *520 Oregon Laws 2015, chapter 521, section 11, which determined when the new attorney fee provisions became applicable:
"Section 10 of this 2015 Act and the amendments to ORS * * * 656.382 * * * apply to orders issued and attorney fees incurred on or after the effective date of this 2015 Act, regardless of the date on which the claim was filed."
Or. Laws 2015, ch 521, § 11. "In interpreting a statute, the court's task is to discern the intent of the legislature." PGE v. Bureau of Labor and Industries , 317 Or. 606, 610, 859 P.2d 1143 (1993). We do that using the analytical framework set out in State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009), by examining the text, context, and any pertinent legislative history to discern the legislature's intended meaning. Whether the board correctly interpreted the statutes is a question that we review for legal error. ORS 183.482(8)(a) ; Baker v. Liberty Northwest Ins. Corp. , 257 Or. App. 205, 210, 305 P.3d 139, rev. den. , 354 Or. 597, 318 P.3d 749 (2013).
In determining that the statutory changes to the relevant attorney fee provisions applied to this case, the board first examined the definition of "incurred," which, in turn, implicated the definition of "liable." In light of those definitions, the board concluded that claimant did not become entitled to fees, and the insurer did not become liable for them, until claimant finally prevailed, viz. , when the board issued its final order. Thus, the board applied the statutory changes to its award because, in the board's view, the fees were "incurred" on the effective date of the final order, July 27, 2016, after the January 1, 2016, effective date of the statutes.
Travelers agrees with the board that, because the order issued on July 27, 2016, the order was "issued" on or after January 1, 2016. Travelers, however, disagrees with the board's reasoning that the "attorney fees incurred" on the date of the order, given the issuance date of the order. Claimant, on the other hand, argues that the board did not err in its determination that the statutory changes applied in this case and that Travelers' interpretation is untenable. According to claimant, Travelers' interpretation of section 11 does not account for the contingent nature of the attorney fees (in that they may be awarded only after the claimant *521 has prevailed) and does not comport with the plain meaning and legislative history of the provision.
We begin by examining the text of the provision, which requires us to determine the *1157 meaning of the term "incurred," as it is used in section 11. The pertinent definition of "incur" is to "become liable or subject to[.]" Webster's Third New Int'l Dictionary 1146 (unabridged ed. 2002). "Liable" means "bound or obligated according to law or equity : RESPONSIBLE, ANSWERABLE." Id. at 1302. As the Supreme Court has held in a different context, when read together, those definitions indicate that attorney fees are incurred when "the party has become obligated in law or equity, or otherwise is subject to, responsible, or answerable for the payment of the reasonable value of an attorney's services." Menasha Forest Products Corp. v. Curry County Title , 350 Or. 81, 89, 249 P.3d 1265 (2011).
Here, however, the term "incurred" is used in the context of ORS 656.383(2) and ORS 656.382(3), which provide that a claimant is not entitled to an assessed attorney fee until he or she prevails on the disputed issue. Thus, attorney fees are contingent on achieving a favorable result and cannot be "incurred" for the purposes of this statutory framework until a final order is issued.
Our review of the legislative history supports the conclusion that the term "incurred," as it is used in section 11, relates to when a claimant finally prevails on a disputed issue. In a letter written to the Senate Committee on Workforce, the Workers' Compensation Management-Labor Advisory Committee (MLAC) outlined the principles MLAC used in evaluating proposed changes to attorney fee provisions. Among those principles was "[e]nsuring the effective date of changes minimizes disruption and adverse behavior, but that changes apply to cases currently in the system." Senate Committee on Workforce, HB 2764, May 13, 2015, Exhibit 4 (Letter from the Workers' Compensation Management-Labor Advisory Committee to Senate Committee on Workforce). By explaining that the changes to the attorney fee provisions would "apply to cases currently in the system," MLAC suggested that it is not only concerned with legal services rendered after the effective *522 date of the statutes, but also concerned with legal services rendered before the effective date. Furthermore, the Oregon Trial Lawyers Association submitted a two-column chart to the Senate Committee on Workforce that provided an explanation of the legislative purpose and intent behind each of the sections of HB 2764 in one column, and the proposed statutory language of each of the sections in the other. See Senate Committee on Workforce, HB 2764, May 27, 2015, Unmarked Exhibit (Summary of HB 2764 submitted by the Oregon Trial Lawyers Association). With respect to section 11, the chart provided that HB 2764 "applies to orders issued and attorney fees incurred (for attorney work done before and after the effective date ) regardless of the date of claim filing, so long as there is no final order as of the effective date." Id. (emphasis added).
Here, even though the attorney's briefing and other services were completed prior to the effective date of both statutes, claimant was not entitled to, and Travelers did not become liable for, the fees until the final order was issued, after the effective date of the statutes. Accordingly, we conclude that the board did not err in determining that ORS 656.383(2) and ORS 656.382(3) apply.
Finally, we turn to Travelers' contention that the board erred in assessing a 25 percent penalty and a $ 3,000 attorney fee award under ORS 656.262(11)(a) for unreasonable claim processing.[3] The board found that Travelers did not have a legitimate doubt with regard to the proper formula to be used to calculate claimant's TTD rate under OAR 436-060-0025(5)(a)(A), and as a result, assessed a penalty and fee under ORS 656.262(11)(a). Travelers does not contest the board's findings; rather, it argues that, as a matter of law, the record does not support the board's determination regarding legitimate doubt.
*1158 *523 If an insurer unreasonably delays or unreasonably refuses to pay compensation, the insurer shall be liable for an additional amount up to 25 percent of the amount due plus any attorney fees. See ORS 656.262(11)(a). The standard for determining unreasonableness is whether, from a legal standpoint, the insurer has a legitimate doubt as to its liability. Cayton v. Safelite Glass Corp. , 257 Or. App. 188, 192, 306 P.3d 726 (2013). Put another way, an employer or its insurer does not act unreasonably if the employer or insurer has a "legitimate doubt" about its obligation to pay. If the insurer has legitimate doubt, then the refusal to pay is not unreasonable. "Whether an employer acted unreasonably or, instead, had a legitimate doubt as to its liability is considered in the light of all the evidence available to the insurer." Hamilton v. Pacific Skyline, Inc. , 266 Or. App. 676, 680-81, 338 P.3d 791 (2014) (internal quotation omitted). We review the board's finding that Travelers did not have a legitimate doubt as to the correct method for calculating claimant's wages for substantial evidence under ORS 183.482 (8)(c). See Snyder v. SAIF , 287 Or. App. 361, 367, 402 P.3d 743 (2017). "Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c).
The board found that Baker was aware that claimant's employment with Baker was temporary and "as needed," particularly with regard to the one-week job in Toledo. Based on that finding and the Supreme Court's opinion in Tye v. McFetridge , 342 Or. 61, 74, 149 P.3d 1111 (2006) (when seasonal work with an employer terminates at the end of the season, the worker's wage is to be calculated based on the parties' intent as indicated by the wage agreement for the employment at injury), the board concluded that Travelers did not have a legitimate doubt as to the proper method for calculating claimant's TTD rate under OAR 436-060-0025(5)(a)(A). Accordingly, the board assessed a penalty and fee under ORS 656.262(11)(a).
Travelers does not dispute that it made an erroneous calculation of benefits, but contends that the record does not support the board's determination regarding legitimate doubt, citing evidence from which it asserts Travelers could have understood that claimant had an ongoing employment *524 relationship with Baker. Indeed, the board acknowledged that "claimant's report to the employer [that he was taking a job with AWE] could be construed as evidence of an ongoing employment relationship." But, in light of other evidence, including the testimony of Baker's office manager, the board found that Baker knew that claimant's employment was only temporary and as needed. Based on that finding, the board concluded that Travelers should have known that claimant's employment was not ongoing and it therefore had no legitimate doubt as to the proper method for calculating claimant's wages. We agree with claimant that the board's finding is supported by substantial evidence. Travelers' reliance on evidence that could be construed to show an ongoing employment relationship fails to take into account our standard of review. See Snyder , 287 Or. App. at 367, 402 P.3d 743 (board's determination of legitimate doubt is reviewed for substantial evidence). That is, even if the record could support a reasoned conclusion that Travelers had a legitimate doubt regarding its liability, substantial evidence review "does not permit us to supply that reasoning on behalf of the board." Hamilton , 266 Or. App. at 682, 338 P.3d 791.
Affirmed.

ORS 656.383 provides, in part:
"The claimant's attorney shall be allowed a reasonable assessed attorney fee if:
"* * * * *
"(2) The claimant finally prevails in a dispute over temporary disability compensation benefits pursuant to ORS 656.210, 656.212, 656.262, 656.268 or 656.325 after a request for hearing has been filed."
ORS 656.382(3) provides:
"If an employer or insurer raises attorney fees, penalties or costs as a separate issue in a request for hearing, request for review, appeal or cross-appeal to the Court of Appeals or petition for review to the Supreme Court initiated by the employer or insurer under this section, and the Administrative Law Judge, board or court finds that the attorney fees, penalties or costs awarded to the claimant should not be disallowed or reduced, the Administrative Law Judge, board or court shall award reasonable additional attorney fees to the attorney for the claimant for efforts in defending the fee, penalty or costs."

OAR 436-060-0025(5)(a)(A) (2014) provides, in part:
"Insurers must use the worker's average weekly earnings with the employer at injury for the 52 weeks prior to the date of injury. * * * For workers employed less than 52 weeks or where extended gaps exist, insurers must use the actual weeks of employment (excluding any extended gaps) with the employer at injury * * *. * * * For workers employed less than four weeks, insurers shall use the intent of the wage earning agreement as confirmed by the employer and the worker."

ORS 656.262(11)(a) provides, in part:
"If the insurer * * * unreasonably delays or unreasonably refuses to pay compensation, attorney fees or costs, or unreasonably delays acceptance or denial of a claim, the insurer * * * shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees assessed under this section. * * * In assessing fees, * * * the board or the court shall consider the proportionate benefit to the injured worker. The board shall adopt rules for establishing the amount of the attorney fee, giving primary consideration to the results achieved and to the time devoted to the case."