72 April 17, 2024 No. 238

IN THE COURT OF APPEALS OF
THE STATE OF OREGON

In the Matter of the Compensation of Thomas K. Cardoza,
Claimant.

Andrew TEITELMAN,
Personal Representative of the Estate of
Thomas K. Cardoza, Deceased.
*Petitioner,*

*v.*

SAIF CORPORATION
and Werner Gourmet Meat Snacks, Inc.,
*Respondents.*

Workers' Compensation Board
1906431, 2003506; A176678

Argued and submitted October 6, 2022.

Bennett P. Dalton argued the cause and filed the briefs for petitioner. Also on the reply brief was The Dalton Law Firm.

Daniel Walker argued the cause and filed the brief for respondents.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

At issue in this workers' compensation case is whether the worker, Thomas K. Cardoza, was eligible for a Worker Requested Medical Examination (WRME). Cardoza, who died during the pendency of this judicial review proceeding and whose personal representative has been substituted as claimant, requested a WRME following the denial of his claim and nonconcurring medical opinions as to whether his injury was work-related. The Workers' Compensation Division denied Cardoza's WRME request, concluding that the denial was not "based" on an independent medical examination or IME as required by ORS 656.325(1)(e) and the applicable administrative rule. On Cardoza's challenge, both an administrative law judge (ALJ) and the Workers' Compensation Board upheld the denial. As explained below, we conclude that, when an insurer submits an IME report as evidence to support its denial of a worker's claim, the denial is "based" on an IME such that the worker is eligible for a WRME under the terms of ORS 656.325(1)(e). Accordingly, we reverse and remand.

The facts are primarily procedural and are not in dispute. While working for employer Werner Gourmet Meat Snacks, Inc., Cardoza filed a claim for a back injury. Employer's insurer, SAIF, denied the claim, concluding that Cardoza "did not sustain a compensable injury arising out of, or in the course of, [his] employment." Cardoza sought a hearing to challenge that denial, and SAIF requested that Cardoza submit to an IME conducted by Dr. Ballard. *See* ORS 656.325(1)(a) (requiring any worker entitled to receive compensation to submit to a medical examination, if requested). Ballard's IME report supported the denial, concluding that preexisting conditions, and not a work incident, were the major cause of any disability or need for treatment.

Cardoza then submitted to an examination by his own attending physician, Dr. Mitchell, who disagreed with Ballard's opinion, and concluded in his written report that Cardoza's work injury was the major cause of his need for treatment. Citing the nonconcurrence between the reports, Cardoza submitted a request to the division for authorization of a WRME. The division denied Cardoza's request,

concluding that he "[did] not meet the eligibility requirements under statute and rule." The division cited the three requirements for WRME eligibility: (1) a timely request for a hearing; (2) the denial of the worker's claim be based on an IME; and (3) the attending physician's statement of nonconcurrence with the IME. *See* ORS 656.325(1)(e); OAR 436-060-0147(1). Although the division's order agreed that Cardoza had timely requested a hearing and successfully submitted a nonconcurrence report from his attending physician, it concluded that he had not met the requirement that the denial be "based" on an IME. The division reasoned that, because SAIF denied Cardoza's claim before the IME occurred, the denial could not be "based" on the IME under the applicable statute and administrative rule.

Cardoza challenged the division's order and also sought an interim order requiring SAIF to amend the denial because, in his view, the denial was based on an IME report, or, alternatively, to withdraw the IME report as a hearing exhibit. *See* OAR 436-060-0140(8)(a) (requiring a denial notice to specify if it was based in whole or in part on an IME). The ALJ denied that request and, following a hearing, upheld the denial. In particular, the ALJ's order cited the IME report as "persuasive" evidence that Cardoza's claim was not compensable

Cardoza appealed the ALJ's order to the board, challenging both the denial of compensability and the request for WRME authorization. The board affirmed the ALJ's order on both issues. Regarding Cardoza's eligibility for a WRME, the board agreed with the division and ALJ, concluding:

> "At the time of SAIF's October 2019 denial, no IME had been conducted. As such, because SAIF's denial was not based in whole or in part on an IME, it did not include any of the language concerning claimant's WRME entitlement required by OAR 436-060-0140(8)(b). Because an IME had not occurred at the time the denial issued, the denial was not based on an IME."

Cardoza seeks judicial review of the board's order. We review the board's order for substantial evidence and errors of law. ORS 183.482(8)(a), (c); *see also* ORS 656.298(7)

(review of board orders "shall be as provided in ORS 183.482(7) and (8)"). Whether the board correctly interpreted a statute is a question that we review for legal error under ORS 183.482(8)(a). *Travelers Ins. Co. v. Arevalo*, 296 Or App 514, 520, 437 P3d 1153 (2019).

On judicial review, claimant, as the personal representative of Cardoza's estate, argues that the board erred in its interpretation of ORS 656.325(1)(e). He contends that, although the IME was requested and occurred after SAIF's initial denial of his claim, the denial is still "based" on the IME because the statute makes no distinction between IMEs that occur before a denial and those that occur after. That is, claimant asserts that the denial of a claim is an ongoing action, and that when an insurer submits an IME as evidence to support its denial of a claim, that is enough to meet the statute's requirement that the denial be "based" on an IME. To hold otherwise, claimant argues, would allow insurers to deny all claims prior to requesting an IME, thus frustrating the statute's intended purpose of leveling the playing field between workers and insurers.

SAIF and employer argue that the text, context, and legislative history support the board's determination that a claim denial cannot be "based" on an IME if the IME occurs after the issuance of the denial. The parties' arguments present a straightforward issue of statutory interpretation, *viz.*, whether the legislature intended that a denial can be "based" on a post-denial IME. Accordingly, we resolve the issue through our customary statutory interpretive framework articulated in *State v. Gaines*, 346 Or 160, 171, 206 P3d 1042 (2009), under which our "paramount goal" is to ascertain the intent of the legislature that enacted the disputed provision. We determine that intent by examining the text, in context, as well as the legislative history "where that legislative history appears useful to the court's analysis." *Id.* at 172.

A worker's eligibility for WRME authorization is established by ORS 656.325(1)(e), which provides:

"If the worker has made a timely request for a hearing on a denial of compensability as required by ORS 656.319 (1)(a) that is based on one or more reports of examinations conducted pursuant to paragraph (a) of this subsection

and the worker's attending physician or nurse practitioner authorized to provide compensable medical services under ORS 656.245 does not concur with the report or reports, the worker may request an examination to be conducted by a physician selected by the director from the list described in ORS 656.328. The cost of the examination and the examination report shall be paid by the insurer or self-insured employer."

The referenced "reports of examination conducted pursuant to paragraph (a)" refer to IMEs. *See* ORS 656.325(1)(a). Eligibility for the WRME process is also guided by OAR 436-060-0147, which provides, in part:

"(1)  Eligibility. The worker is eligible for a worker requested medical examination if:

"(a)  The worker has made a timely request for a board hearing on a denial of compensability;

"(b)  The denial is based on one or more independent medical examination reports; and

"(c)  The attending physician or authorized nurse practitioner does not concur with the report or reports."

In our view, nothing in the statute's or rule's text or context requires that an IME be performed before the denial of a compensation claim. First, we agree with claimant's argument that the phrase in ORS 656.325(1)(e) that the compensability denial "is based on one or more" IME reports suggests a legislative intent that does not limit eligibility to predenial IMEs. That is, we agree with claimant's argument that, as a practical matter, there is little reason that there would be multiple predenial IMEs. Instead, the inclusion of the phrase "one or more" suggests an intent to include IMEs that occur after the initial denial. Second, if the legislature's intent was to limit eligibility to predenial IMEs, it could have phrased the requirement more precisely. For example, the legislature could have used the past tense such that a denial "was" based on an IME to be more precise that IMEs after a denial do not trigger the WRME authorization. *See, e.g., Martin v. City of Albany*, 320 Or 175, 181, 880 P2d 926 (1994) (explaining that the "use of a particular verb tense in a statute can be a significant indicator of the legislature's intention"); *V. L. Y. v. Board of Parole*, 338 Or

44, 50, 106 P3d 145 (2005) (focusing on the legislature's use of "is" and "exhibits" to conclude that the statute defines a concept as a present condition). The legislature, however, did not provide more explicit language limiting eligibility to the interpretation that SAIF and employer urge us to adopt.

The context of the statute further supports claimant's interpretation. *See*, *e.g.*, *Kohring v. Ballard*, 355 Or 297, 304, 325 P3d 717 (2014) (explaining that a court examines "word usage in context to determine which among competing definitions is the one that the legislature more likely intended"); *Stevens v. Czerniak*, 336 Or 392, 401, 84 P3d 140 (2004) (explaining that "text should not be read in isolation but must be considered in context"). The purpose of allowing a worker to request a WRME is to obtain an additional professional opinion where there are at least two competing reports, or, as in this case, the first two medical examinations are not in concurrence. That purpose would be frustrated where a worker submits to two competing professional examinations and timely requests that the division make a determination on the claim based on those examinations. That is particularly so, when, as here, the insurer submits the IME report as evidence supporting the denial of a claim, and the reviewing authority considers that report as evidence in deciding whether to affirm or reverse the denial. In such cases, we conclude that the denial is "based" on an IME, and that the legislature intended that the worker be authorized to obtain a WRME that would provide additional information on the compensability of the claim.

Finally, the parties' arguments cite extensively to the legislative history surrounding the statute's enactment and amendments. We do not find persuasive for the purpose of resolving the narrow issue presented in this case. Moreover, we are not aware of any legislative history that calls into question our conclusion based on the text and context of ORS 656.325(1)(e). *See* ORS 174.020(3) (explaining that courts "shall give the weight to the legislative history that the court considers to be appropriate"); *see also State v. Rainey*, 294 Or App 284, 291, 431 P3d 98 (2018) (explaining that "whatever the legislative history may show the legislature intended by the enactment of a statute, the wording

ultimately enacted must be capable of carrying out that intention"). In short, given the text and context of the WRME statute and rule, we conclude that SAIF's denial was based on an IME. Accordingly, the board erred in affirming the denial of Cardoza's request for a WRME.[1]

Reversed and remanded.

---

[1] In the motion practice substituting Cardoza's personal representative, neither party suggested that this judicial review proceeding was moot, and no party articulated what the proper procedure would be if we ruled in claimant's favor. Accordingly, we leave it to the parties and the board to address in the first instance the effect of Cardoza's death while this judicial review proceeding was pending.